Coke Russell **MORRIS**, Jr., **Appellant**,

v.

The **STATE** of Texas, **Appellee**.

No. 01–89–00089–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 29, 1990.

Published in Part Pursuant to
Tex.R.App.P. 90.

Discretionary Review Refused
April 3, 1991.

William M. Hicks, Dickinson, appellant.

Michael J. Guarino, Criminal Dist. Atty., John L. Davis, Asst. Criminal Dist. Atty., for appellee.

Before SAM BASS, MIRABAL and DUNN, JJ.

## OPINION

DUNN, Justice.

Appellant, Coke Russell Morris, Jr., appeals his conviction for aggravated possession of a controlled substance, namely amphetamine. The court found appellant guilty and assessed punishment at six years confinement and a $1000 fine.

L.A. Trumps, an officer with the methamphetamine squad of the narcotics division of the Houston Police Department, testified that he received a tip from a confidential informant that methamphetamine would be delivered at a Wendy's in Dickinson. Trumps contacted R.R. Hulett, another officer with the methamphetamine squad of the narcotics division of the Houston Police Department, who went directly to the Wendy's parking lot. Hulett testified that he met with a Galveston County patrol unit. Appellant testified that after he was arrested by Hulett, he was placed in the backseat of a Dickinson city patrol car parked in the Wendy's parking lot.

Appellant's first point of error contends that his arrest and the search and seizure which followed were illegal because the Houston police officers who placed him under arrest lacked territorial authority.

■ Appellant did not raise this complaint at trial nor at the hearing on his motion to suppress. An error not raised at trial cannot be presented for the first time on appeal. TEX.R.CRIM.EVID. 103(a)(1); TEX. R.APP.P. 52(a). Appellant has waived this point of error.

However, we will address the law governing the contention raised by appellant's first point of error since it is relevant to a determination of other points of error.

■ City police officers have county-wide jurisdiction to arrest. *Angel v. State*, 740 S.W.2d 727, 736 (Tex.Crim.App.1987). The holding in *Angel* was based on an interpretation of former TEX.REV.CIV.STAT. ANN. arts. 998 and 999.[1] Article 998 provided that city police officers had the same jurisdiction as city marshals, and article 999 provided that city marshals had the same jurisdiction as the sheriff. Since sheriffs have county-wide jurisdiction, the court reasoned, city police officers also have county-wide jurisdiction. *Angel*, 740 S.W.2d at 733-36. Although articles 998 and 999 have been repealed, *Angel* is still controlling since the articles have been incorporated in the Local Government Code. A municipal police officer still has the same jurisdiction as a municipal marshal. TEX. LOCAL GOV'T CODE ANN. § 341.001(e)(1) (Vernon 1988). A municipal marshal still has the same jurisdiction as the county sheriff to arrest offenders. TEX.LOCAL GOV'T CODE ANN. § 341.021(e) (Vernon 1988). Thus, a city police officer has the authority to arrest a person within the county. Under *Angel*, Hulett had the authority to make an arrest anywhere in Harris County.

■ However, Hulett arrested appellant in Galveston County. The arrest of appellant was not within Hulett's, a Houston police officer's, territorial jurisdiction. However, if any police officer present at appellant's arrest had territorial jurisdiction to make the arrest, the arrest was lawful. *Cruz v. State*, 762 S.W.2d 624, 625 (Tex.App.—Houston [14th Dist.] 1988, no pet.); *Rivera v. State*, 730 S.W.2d 824, 826 (Tex.App.—Houston [14th Dist.] 1987, pet.

1. Repealed by ch. 149, § 49(1), 1987 Tex.Gen.      Laws 707, 1306–1308.

ref'd), *cert. denied,* 485 U.S. 978, 108 S.Ct. 1272, 99 L.Ed.2d 483 (1988).

In the present case, Hulett testified that Galveston county officers were present at the Wendy's. Since the arrest took place in Galveston County, those officers were within their territorial jurisdiction. Appellant testified that he was placed in a Dickinson police car after he was arrested. If Dickinson police officers were present at his arrest, the arrest was within those police officers' jurisdiction. Whether Galveston county officers or Dickinson officers were present, a police officer with jurisdiction was present at appellant's arrest. Therefore, appellant's arrest was lawful.

We overrule appellant's first point of error.

The discussion of the remaining points of error does not meet the criteria for publication, TEX.R.APP.P. 90, and is, thus, ordered not published.

The judgment is affirmed.