**Michael Wayne COOPER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–96–00593–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 27, 1997.

Rehearing Overruled Aug. 13, 1997.

Discretionary Review Refused
Nov. 19, 1997.

Peter H. Dadinis, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before MIRABAL, WILSON and TAFT, JJ.

## OPINION

MIRABAL, Justice.

After his motion to suppress was overruled, appellant, Michael Wayne Cooper, pled *nolo contendere* to the offense of driving while intoxicated ("DWI"). The trial court assessed appellant's punishment at one year confinement, probated, and a $200 fine. We affirm.

In point of error one, appellant asserts the trial court erred in overruling his motion to suppress. At a suppression hearing, the trial judge is the sole fact finder and may accept or reject any or all of the witness' testimony. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990). This Court must view the evidence in the light most favorable to the trial court's ruling. *Id.* Absent a showing of abuse of discretion, the trial court's finding should not be disturbed. *Maddox v. State*, 682 S.W.2d 563, 564 (Tex. Crim.App.1985); *Strickland v. State*, 923 S.W.2d 617, 620 (Tex.App.—Houston [1st Dist.] 1995, no pet.).

The evidence at the suppression hearing showed that at 1:30 a.m. on December 31, 1995, appellant was involved in a two-car accident in front of Kobos Bar on Greenbriar. Officer D.L. York arrived at the scene and spoke to appellant, who told York he was backing out of the parking lot into the street and hit a car behind him. York also spoke with the complaining witness and other officers on the scene investigating the accident. York testified he asked appellant to step onto the eastern side of the street closest to the sidewalk, so that York could administer field sobriety tests. Although York may have administered the field sobriety tests on a slight slope, he did not believe the conditions would have affected the outcome of the tests. York administered the horizontal gaze nystagmus (HGN) test and observed all six clues indicating appellant was intoxicated. Next, York administered the "one leg stand" test. York noted appellant's balance was impaired because he swayed, used his arms, and dropped his foot several times. When performing the "walk and turn" test, appellant started too soon, stepped off the line, missed the heel to toe, and made an improper turn. Based on appellant's performance of the field sobriety tests, York believed appellant was intoxicated. York further testified that when he arrived at the scene, appellant had a laceration on his chin and was bleeding from that area. York testified appellant wobbled and appeared to be unsure of his balance when he walked. After speaking with appellant, administering the field sobriety tests and seeing the cut on appellant's chin, York believed appellant posed a danger to himself or someone else.

York testified that he also spoke with appellant's sister, Susan Cooper, who was with appellant at the scene. According to York, appellant's sister told York she had been drinking, and York smelled an odor of an alcoholic beverage on her breath. York did not find the keys to appellant's car on appellant's person. Instead, appellant's sister told York she would drive appellant home. York had appellant's car towed because he did not feel comfortable allowing appellant or his sister to drive the car home.

Miguel Delhurto was the driver of the car struck by appellant. Delhurto testified that he smelled alcohol on appellant's breath and thought appellant was not sober enough to hold a conversation with him concerning the accident. A few minutes before the police arrived, Delhurto saw appellant fall off a tool box in the back of his pickup truck and cut his chin on the sidewalk. Delhurto said he did not speak with York, but spoke with Officer Martinez, another officer at the scene who did not testify.

Appellant argues that an officer may not make a warrantless arrest for DWI under Texas law where the officer does not see the suspect driving. Further, appellant argues the officer had no probable cause to arrest him for public intoxication because the officer could not have reasonably concluded that appellant was likely to be a danger to himself or others. Therefore, appellant asserts all the evidence from his unlawful, warrantless arrest should have been suppressed.

Article 14.01 of the Texas Code of Criminal Procedure permits a warrantless arrest for driving while intoxicated only when the offense is committed in the view, or in the presence, of the arresting officer. Tex. Code Crim. P. Ann. Art. 14.01 (Vernon 1977); *Warrick v. State*, 634 S.W.2d 707, 709 (Tex. Crim.App.1982); *Reynolds v. State*, 902 S.W.2d 558, 559 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd). Because Officer York did not see appellant driving, a warrantless arrest for DWI would not have been proper under Article 14.01.

232

■ Article 14.03 of the Texas Code of Criminal Procedure permits a warrantless arrest of persons (1) found in suspicious places and (2) under circumstances which reasonably show that such persons have been guilty of a breach of the peace, among other offenses. TEX.CODE CRIM. PROC. ANN. art. 14.03 (Vernon Supp. 1997). Driving while intoxicated is a breach of the peace. *Romo v. State,* 577 S.W.2d 251, 253 (Tex.Crim.App. 1979); *McGuire v. State,* 847 S.W.2d 684, 686 (Tex.App.—Houston [1st Dist.] 1993, no pet.). Thus, if appellant was found in a suspicious place, York had authority to arrest appellant without a warrant.

■ Few, if any, places are suspicious in and of themselves, and article 14.03 should apply to warrantless arrests in only limited situations. *Johnson v. State,* 722 S.W.2d 417, 421 (Tex.Crim.App.1986). Determining whether a place has become suspicious is highly fact-specific. Facts available to the officer, combined with a reasonable inference from those facts, may arouse justifiable suspicion. *Muniz v. State,* 851 S.W.2d 238, 251 (Tex.Crim.App.1993).

■ The scene of an accident is not a suspicious place per se. *Segura v. State,* 826 S.W.2d 178, 184 (Tex.App.—Dallas 1992, pet. ref'd) (holding site of accident without more was not a suspicious place), *but see Lopez v. State,* 936 S.W.2d 332, 333–34 (Tex.App.—San Antonio 1996) (holding scene of accident was suspicious place). The facts of this case, however, as known to York, were that appellant had been drinking, admitted driving and was involved in a accident in front of a bar at 1:30 a.m. Appellant failed field sobriety tests. Also, appellant had a bleeding laceration on his chin. York could have reasonably deduced from appellant's bleeding chin that appellant had fallen. The trial court could have reasonably concluded that a parking lot in front of a bar in the wee hours of the morning with intoxicated, bleeding people walking around wrecked cars constituted a "suspicious place."

Accordingly, we overrule appellant's first point of error.

In his second point of error, appellant asserts the trial court erred in allowing the testimony of the complaining witness, Miguel Delhurto, at the suppression hearing. According to appellant, Delhurto testified he never spoke with York; thus, appellant argues anything about which Delhurto testified had no bearing on York's decision to arrest appellant.

■ Because we have concluded that the trial court could have reasonably believed York had enough independent information to arrest appellant under article 14.03, any error in admitting Delhurto's testimony was harmless. *See* TEX.R.APP. P. 81(b)(2).

Accordingly, we overrule appellant's second point of error.

We affirm the judgment.