**Si Reed PRESTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–97–00316–CR.**

Court of Appeals of Texas,
Tyler.

Aug. 31, 1998.

Rehearing Overruled Oct. 23, 1998.

---

3. The jury assessed appellant's punishment at the maximum sentence of ninety-nine years confinement and a $10,000 fine.

Kurt M. Noell, Tyler, TX, for appellant.

Edward J. Marty, Tyler, TX, for appellee.

Before RAMEY, C.J., HOLCOMB, J., and HADDEN, J.

HOLCOMB, Justice.

Si Reed Preston ("Appellant") appeals his conviction for misdemeanor driving while intoxicated, subsequent offense. A jury found Appellant guilty, and the trial court assessed his punishment at 300 days in jail and a fine of $200.00. We will affirm.

■ Appellant contends that his arrest was illegal since the arresting police officer was outside his jurisdiction, it was without a warrant, and it did not fall within a legally permissible exception to the warrant requirement. He argues, therefore, that the trial court erred in admitting evidence, over his objection, on the circumstances and results of the arrest.

### FACTUAL SUMMARY

James Burnett ("Burnett"), a certified peace officer, was employed by the city of Lindale when he was dispatched to Interstate 20 ("I–20") and Highway 69 ("US 69") to locate a blue pickup truck which was being driven erratically. Another person traveling on I–20 called to report the erratic driving, and he gave a description and license number for the truck. Burnett positioned his vehicle in the parking lot of a gas station at the eastbound off-ramp from I–20 to U.S. 69. Burnett observed a blue pickup exit I–20 and stop in the gas station parking lot. He saw the driver, Appellant, get out of the truck and lay down in the grass next to the station. Appellant was rolling in the grass when Burnett approached him. He smelled of alcohol, his eyes were glassy, and he seemed confused. He told Burnett that his wife had tossed him out. When asked if he had consumed any alcohol, Appellant replied, "three beers." Because of the results of several field sobriety tests, Burnett testified that he believed Appellant to be intoxicated. He further testified that he arrested Appellant at the scene for driving while intoxicated. After Burnett had completed the field sobriety tests, Department of Public Safety

Trooper Joe Burt ("Burt") arrived at the parking lot. Burnett turned Appellant over to Burt. Burt testified that he proceeded to conduct additional field sobriety tests and concluded that Appellant was intoxicated. Based upon his opinion, Burnett's report and statements from other witnesses, Burt arrested Appellant again and transported him to the Smith County Jail, where further interviews were held.

The record reflects that while that section of I–20 and the off-ramp are within the city limits of Lindale, the gas station parking lot and grassy area are outside the city limits. Appellant objected to the testimony of Burnett and any evidence that resulted therefrom on the basis that the arrest was illegal because the officer was outside of the city limits of Lindale, and thus, outside of his jurisdiction. The trial court held a hearing outside the presence of the jury and found that under the facts of this case Burnett's testimony was admissible. He held that under article 14.03(g) of the Texas Code of Criminal Procedure that the officer's arrest was legal and, therefore, overruled Appellant's objection.

### STANDARD OF REVIEW

■ The trial court is the sole and exclusive trier of fact at a hearing to suppress evidence. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Cr.App.1990); *Morris v. State*, 897 S.W.2d 528, 530 (Tex.App.—El Paso 1995, no pet.). As a reviewing court, we do not perform our own factual review, but merely decide whether the trial court's findings are supported by the record; if so, we do not disturb the trial court's factual determinations, but we do address the question of whether the court improperly applied the law to the facts. *Romero*, 800 S.W.2d at 543; *Morris*, 897 S.W.2d at 530.

### GENERAL GEOGRAPHIC JURISDICTION OF CITY POLICE OFFICERS

■ A city policeman is a peace officer. TEX.CODE CRIM.PROC.ANN. art. 2.12(3) (Vernon 1995). It is the duty of every peace

officer to: (1) use all lawful means to preserve the peace within his jurisdiction; (2) prevent or suppress crime; (3) execute all lawful process issued to him by any magistrate or court; (4) give notice to some magistrate of all offenses committed within his jurisdiction, where he has good reason to believe there has been a violation of the penal law; and (5) arrest offenders without a warrant in every case where authorized by law. TEX.CODE CRIM.PROC.ANN. art. 2.13 (Vernon 1977). Generally, a peace officer is a peace officer only while in his jurisdiction and when the officer leaves that jurisdiction, he cannot perform the functions of his office. *Thomas v. State*, 864 S.W.2d 193, 196 (Tex. App.—Texarkana 1993, pet. ref'd). In this case, Barnett's jurisdiction as a peace officer was limited to the city limits of Lindale, unless provided otherwise by law.

## AUTHORITY OF PEACE OFFICERS TO MAKE WARRANTLESS, ARRESTS OUTSIDE OF THEIR JURISDICTION

Prior to August 28, 1995, a city police officer was authorized to make a warrantless arrest outside of his city limits pursuant to TEX.LOC. GOV'T CODE ANN. § 341.001(e)(1) (Vernon 1988), because the statute gave him the same jurisdiction as that of a city marshal, who, in turn, was given the same jurisdiction as that of a county sheriff. TEX.LOC. GOV'T CODE ANN. § 341.021(e) (Vernon 1988). The sheriff possesses jurisdiction over his entire county in his position as conservator of the peace. TEX.CODE CRIM.PROC.ANN. art. 2.17 (Vernon 1990). The jurisdiction of city police under these statutes has been interpreted to extend countywide, not only the power to arrest, but also to perform all acts necessary for the suppression of crime. *See Angel v. State*, 694 S.W.2d 164 (Tex.App.—Houston [14th Dist.] 1985, *aff'd*, 740 S.W.2d 727) (Tex.Cr.App.1987); *Morris v. State*, 802 S.W.2d 19, 20 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd); *Finley v. State*, 809 S.W.2d 909, 913 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd); *Thomas v. State*, 864

S.W.2d 193, 196 (Tex.App.—Texarkana 1993, pet. ref'd).

Effective August 28, 1995, the legislature amended art. 341.001(e)1 to read: "A police officer has: the powers, rights, duties, and jurisdiction granted to or imposed on a peace officer by the Code of Criminal Procedure . . ." The language which had previously given a city police officer authority to arrest outside of his jurisdiction was deleted. But, on that same date, Article 14.03 of the Code of Criminal Procedure was amended to read:

> (g) *A peace officer* who is listed in Subdivision (1), (2), (3), or (4), Article 2.12, is licensed under Chapter 415, Government Code, and is *outside of the officer's jurisdiction may arrest without a warrant a person who commits any offense within the officer's presence or view,* except that an officer who is outside the officer's jurisdiction may arrest a person for a violation of the Uniform Act Regulating Traffic on Highways (Article 6701d, Vernon's Texas Civil Statutes) [1] only if the officer is listed in Subdivision (4), Article 2.12. A peace officer making an arrest under the subsection shall as soon as practicable after making the arrest notify a law enforcement agency having jurisdiction where the arrest was made. The law enforcement agency shall then take custody of the person committing the offense and take the person before a magistrate in compliance with Article 14.06. (emphasis added).

TEX.CODE CRIM.PROC.ANN. art. 14.03(g) (Vernon 1996).

The facts of the instant case support the trial court's finding under Article 14.03(g). Burnett arrested Appellant for driving while intoxicated [2], without a warrant, outside of the city limits of Lindale. This was a penal code violation, not a traffic violation. The officer observed Appellant driving both within and outside his city's limits prior to the determination that he was intoxicated and his arrest. Burt arrived at the scene within a

---

**1.** Repealed; *see,* now, TEX.TRANSP.CODE ANN. § 541.001, *et seq.*

**2.** TEX.PEN.CODE ANN. § 49.04 (Vernon 1996).

short period of time after Burnett had arrested Appellant. He then took control of the situation and custody of Appellant. The trial judge did not err by overruling Appellant's objection and admitting the testimony of Burnett and Burt. His application of the law to the facts of this case was correct. Appellant's point of error is overruled.

The judgment of the trial court is *affirmed.*