NO. 12-02-00280-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


DAVID SIMMONS,
§
 APPEAL FROM THE 241ST

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


 David Simmons appeals his conviction for delivery of cocaine. After a jury found him guilty,
the trial court sentenced him to fifteen years of imprisonment. In two issues, Appellant contends his
right to due process was violated because the State did not include an enhancement paragraph in the
indictment and the trial court erred in failing to suppress certain evidence. We reform the judgment
to reflect the trial court's finding on the enhancement allegation. We affirm as reformed.


Background

 Appellant was indicted for delivery of cocaine in the amount of four grams or more but less
than 200 grams, a first degree felony. Tex. Health & Safety Code Ann. § 481.102(3)(D) (Vernon
Supp. 2004); Tex. Health & Safety Code Ann. § 481.112(d) (Vernon 2003). No enhancement
paragraph was included in the indictment. However, several days before trial, the State filed a notice
of its intent to seek higher punishment based on Appellant's prior felony convictions. The jury
found Appellant guilty as charged in the indictment. Appellant elected to have the trial judge assess
punishment. The State presented evidence of two prior felony convictions and two prior
misdemeanor convictions from three different counties. The trial court found the enhancement
provision to be true and sentenced Appellant to fifteen years in the penitentiary. 


Enhancement Paragraph

 In his first issue, Appellant asserts he was denied his federal constitutional right to due
process because the State did not include an enhancement paragraph in the indictment. He argues
that he did not receive proper notice of the State's intent to use his prior convictions. He further
argues that the jury was robbed of its duty to determine any matter that increases the sentence as set
forth in the indictment, which is a constitutional violation. He asserts that the enhancement changed
the nature and character of the charge against him and he was prosecuted for an offense beyond the
maximum allowed for the substance that he possessed.

 Appellant relies on Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d
435 (2000). There the court confirmed its prior holding that any fact, other than the fact of a prior
conviction, that increases the maximum penalty for a crime must be charged in an indictment,
submitted to a jury, and proved beyond a reasonable doubt. Id., 530 U.S. at 476, 120 S. Ct. at 2355. 
Apprendi does not support Appellant's arguments. It explicitly excludes prior convictions in its
statement of what must be charged in the indictment. Id. 

 Further, Apprendi speaks to facts that increase the maximum penalty for a crime. Here,
Appellant cannot complain that the maximum was increased, as it was not. Rather, the minimum
was increased. The offense as charged in the indictment carries a potential penalty of life or any term
of not more than ninety-nine years or less than five years and a fine of up to $10,000.00. Tex. Pen.
Code Ann. § 12.32 (Vernon 2003). The penalty for a first degree felony enhanced by a prior felony
conviction is life or any term of not more than ninety-nine years or less than fifteen years and a fine
not to exceed $10,000.00. Tex. Pen. Code Ann. § 12.42(c)(1) (Vernon Supp. 2004). Accordingly,
after application of the enhancement, the minimum term Appellant could have received is ten years
greater than the minimum term he could have received in the absence of the enhancement. Neither
Apprendi nor any other law that we have found requires the State to include the enhancement
allegations in the indictment because its application raises the minimum term of years that could be
assessed.

 Even before Apprendi was decided, the law in Texas was that enhancement allegations need
not be included in the indictment. Brooks v. State, 957 S.W.2d 30, 32 (Tex. Crim. App. 1997). 
Prior convictions used as enhancements must be pleaded in some form, but they need not be pleaded
in the indictment. Id. at 34. Here, the State provided notice to Appellant of its intent to present
evidence of prior convictions for enhancement purposes. This satisfies the Brooks pleading
requirement. Appellant's argument that the jury was robbed of the duty to determine any matter that
increases the sentence also fails. The State presented evidence of prior convictions to the trial judge,
who Appellant elected to determine his sentence. The jury did not need to hear evidence that
increased the sentence. We overrule Appellant's first issue.


Admissibility of Evidence

 In his second issue, Appellant asserts the trial court should have suppressed testimony
regarding his arrest. He argues that the lead investigator, Detective Mike Malone, a member of the
Tyler police department, was operating outside his jurisdiction at the time of the arrest. He contends
Detective Malone lacked jurisdictional authority to arrest him and, therefore, the arrest was illegal.

 Detective Malone arranged to make an undercover drug buy from Michael Davenport at
Davenport's home in rural Smith County one evening. Appellant and Jonathan Pena, who also lived
there, were present when he arrived. Appellant was in the process of cutting up rocks of
methamphetamine and putting it into bags for sale. Pena was snorting cocaine. The detective and
Appellant negotiated a price for the methamphetamine while Davenport went to another part of the
house to retrieve the drugs Detective Malone had planned to purchase. The detective then agreed
to buy a certain amount of powder cocaine. The men began to weigh the cocaine and discovered
they did not have enough. Appellant placed some methamphetamine on the scales until the
combined weight of cocaine and methamphetamine equaled the requested amount. Detective
Malone paid Davenport for the drugs and left. Appellant was not arrested at that time.

 We review the trial court's decision to admit or exclude evidence under an abuse of
discretion standard. Green v. State, 934 S.W.2d 92, 102 (Tex. Crim. App. 1996). A peace officer,
while outside his jurisdiction, may arrest without a warrant a person who commits a felony within
the officer's presence or view. Tex. Code Crim. Proc. Ann. art. 14.03(d) (Vernon Supp. 2004). 
Appellant committed the felony offense of delivery of cocaine in the presence and view of Detective
Malone. Therefore, the fact that he was outside Tyler city limits at the time is irrelevant. See
Preston v. State, 983 S.W.2d 24, 26 (Tex. App.-Tyler 1998, no pet.). The trial court did not err in
admitting testimony of Appellant's arrest. We overrule Appellant's second issue.


Conclusion

 The State was not required to include the enhancement allegations in the indictment. 
Appellant was provided with notice of the State's intent to present evidence of prior convictions that
passes constitutional muster. Because Appellant committed a felony offense in Detective Malone's
presence, the fact that he was outside his jurisdiction is irrelevant and Detective Malone's testimony
is admissible.

 At the sentencing hearing, after hearing evidence of prior convictions, the trial court found
the enhancement provision to be true and sentenced Appellant accordingly. We note, however, that
the trial court's judgment indicates that no finding on enhancement was made. We have the
authority and sufficient information to reform the judgment to reflect the trial court's finding. Tex.
R. App. P. 43.2(b); Blanco v. State, 761 S.W.2d 38, 42 (Tex. App.-Houston [14th Dist.] 1988, no
pet.). Accordingly, we reform the trial court's judgment by inserting the word "yes" in place of
"N/A" in the second column on the line stating "Findings on Enhancement."

 The judgment is affirmed as reformed.




 SAM GRIFFITH 

 Justice



Opinion delivered January 30, 2004.

Panel consisted of Worthen, C.J., Griffith, J.

DeVasto, J., not participating.




(DO NOT PUBLISH)