Janet Clanton LEONARD, Appellant,

v.

The STATE of Texas, Appellee

No. 06–04–00012–CR.

Court of Appeals of Texas, Texarkana.

Submitted: April 27, 2004.

Decided: May 12, 2004.

R. Kelly Pace, Attorney At Law, Tyler, TX, for appellant.

Ray Bowman, Assistant District Atty., Longview, TX, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

MORRISS, Chief Justice.

On Saturday, August 30, 2003, shortly before 7:56 p.m., Officer Trae Portwood of the Kilgore Police Department heard over his radio a Gregg County Sheriff's Office county-wide "BOLO" (be on the lookout) broadcast, alerting all officers in the vicinity concerning a reportedly drunk driver traveling south on Texas Highway 42 toward Interstate 20. That location is in Gregg County, just outside the city limits of Kilgore, Texas. Portwood was nearby and responded.

When Portwood arrived at the scene, he spotted the suspect vehicle traveling south on Texas Highway 42 (toward the interstate). During Portwood's observation of the vehicle, it failed to stay within its lane on several occasions and also crossed into the lane of oncoming traffic. Portwood then saw the driver make "a wide right turn at a high rate of speed, leaving the roadway, in an attempt to go west on Interstate 20." Based on these observations, Portwood stopped the vehicle. Janet Clanton Leonard was the driver and the vehicle's sole occupant. Portwood talked briefly with Leonard, and then requested assistance from a state trooper from the Texas Department of Public Safety. Trooper Brandon Smith responded and, shortly after arriving, formally arrested Leonard for driving while intoxicated.

Leonard asked the trial court to suppress the State's evidence, arguing the

initial traffic stop was unlawful because Portwood was outside the jurisdiction of Kilgore when he stopped her. The trial court found there was a conflict among the intermediate appellate courts as to whether a peace officer could effect a traffic stop for an offense that occurred outside the officer's jurisdiction. Based on that conflict, the trial court denied Leonard's motion to suppress.

Leonard subsequently pled guilty to the charged offense and the enhancement allegation,[1] and was placed on community supervision for a period of two years. On appeal to this Court, Leonard contends the trial court erred by denying her motion to suppress. We affirm.

*Standard of Review*

We review a trial court's ruling on a motion to suppress for abuse of discretion. *Oles v. State*, 993 S.W.2d 103, 106 (Tex. Crim.App.1999). "An appellate court reviewing a trial court's ruling on a motion to suppress must view the evidence in the light most favorable to the trial court's ruling." *Armendariz v. State*, 123 S.W.3d 401, 402 n. 1 (Tex.Crim.App.2003). We must "uphold the trial court's ruling on appellant's motion to suppress if that ruling was supported by the record and was correct under any theory of law applicable to the case." *Id.* "That rule holds true even if the trial court gave the wrong reason for its ruling." *Id.* We may reverse a trial court's ruling only if its decision was outside the "zone of reasonable disagreement." *Salazar v. State*, 38 S.W.3d 141, 153–54 (Tex.Crim.App.2001).

*Initial Detention*

 Before we proceed to the issue raised on appeal, we must first determine whether Leonard was under arrest at the moment Portwood stopped her vehicle. "A person is arrested when he has been actually placed under restraint or taken into custody by an officer or person executing a warrant of arrest, or by an officer or person arresting without a warrant." TEX. CODE CRIM. PROC. ANN. art. 15.22 (Vernon 1977). A fair reading of the record before us suggests that, at the time Portwood stopped Leonard's vehicle, he would not have allowed her to immediately leave the scene had she so desired. However, merely because Leonard was not free to leave does not mean she was under arrest. "A police officer can stop and briefly detain a person for investigative purposes if the officer has reasonable suspicion supported by articulable facts that criminal activity 'may be afoot'." *Brother v. State*, 85 S.W.3d 377, 382 (Tex.App.— Fort Worth 2002, pet. filed) (quoting *Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)).

In this case, the Gregg County Sheriff's Office dispatcher had relayed information from a concerned citizen about a suspected intoxicated driver. Portwood had been told to be looking for "a 1997 Volkswagen Jetta TXLP# P59–JYF" that "was southbound on State Highway 42." After identifying the suspect vehicle and corroborating the information provided by the concerned citizen, Portwood observed the driver steer out of her lane of traffic several times and also cross into oncoming traffic. Portwood also saw the driver make a wide right turn and leave the roadway. Based on these facts, Portwood had sufficient information to form an articulable suspicion that the driver of the Volkswagen Jetta was intoxicated. Thus, assuming Portwood was authorized to act

---

1. The State charged Leonard, by way of information, with driving while intoxicated. *See* TEX. PEN. CODE ANN. § 49.04 (Vernon 2003). The enhancement portion of the information alleged Leonard had previously been convicted of driving while intoxicated within the last ten years. *See* TEX. PEN. CODE ANN. § 49.09 (Vernon Supp.2004).

as a police officer outside Kilgore's city limits, Leonard's initial detention by Portwood was the product of reasonable, articulable suspicion that Leonard was committing a crime in violation of the Texas Penal Code. *See Brother*, 85 S.W.3d at 381–82 (Hurst police officer's detention of DWI suspect reasonable because based on sufficient information to warrant investigative detention); *Preston v. State*, 983 S.W.2d 24, 26 (Tex.App.—Tyler 1998, no pet.) (Lindale police officer who observed defendant driving and exhibiting signs of intoxication was authorized to arrest suspect outside officer's jurisdiction for Penal Code violation committed in officer's presence).

*Extra–Jurisdictional Arrest*

■■■ In her brief to this Court, as she did before the trial court, Leonard contends her initial detention and subsequent arrest violated Article 14.03 of the Texas Code of Criminal Procedure. Generally, "a peace officer is a peace officer only while in his jurisdiction and when the officer leaves that jurisdiction, he cannot perform the functions of his office." *Thomas v. State*, 864 S.W.2d 193, 196 (Tex.App.—Texarkana 1993, pet. ref'd). There are, however, several statutory exceptions to this general premise. In this case, Portwood's jurisdiction as a peace officer was limited to Kilgore's city limits, unless one of those exceptions authorized Leonard's arrest.

At the time of Leonard's arrest, Article 14.03 of the Texas Code of Criminal Procedure provided for two such exceptions:

(d) A peace officer who is outside his jurisdiction *may arrest, without warrant, a person who commits . . . a breach of the peace* . . . . A peace officer making an arrest under this subsection shall, as soon as practicable after making the arrest, notify a law enforcement agency having jurisdiction where the arrest was made . . . .

[and]

(g) A peace officer listed in Subdivision (1), (2), (3), (4), or (5), Article 2.12, who is licensed under Chapter 415, Government Code, and is outside of the officer's jurisdiction *may arrest without a warrant a person who commits any offense within the officer's presence or view,* except that an officer who is outside the officer's jurisdiction may arrest a person for a violation of Subtitle C, Title 7, Transportation Code, only if the officer is listed in Subdivision (4), Article 2.12. A peace officer making an arrest under this subsection shall as soon as practicable after making the arrest notify a law enforcement agency having jurisdiction where the arrest was made . . . .

TEX. CODE CRIM. PROC. ANN. art. 14.03(d), Act of May 29, 1993, 73rd Leg., ch. 900, § 3.02, 1993 Tex. Gen. Laws 3715, *amended by* Act of May 29, 2003, 78th Leg., R.S., ch. 897, § 1, 2003 Tex. Gen. Laws 2723 (emphasis added); TEX. CODE CRIM. PROC. ANN. art. 14.03(g) (Vernon Supp.2004).[2]

---

**2.** Article 14.03 was amended, effective September 1, 2003 (twenty-eight hours after Leonard's arrest), to provide, in relevant part,

(d) A peace officer who is outside his jurisdiction may arrest, without warrant, a person who commits an offense within the officer's presence or view, if the offense is a felony, a violation of Chapter 42 or 49, Penal Code, or a breach of the peace. A peace officer making an arrest

under this subsection shall, as soon as practicable after making the arrest, notify a law enforcement agency having jurisdiction where the arrest was made . . . . TEX. CODE CRIM. PROC. ANN. art. 14.03. By specifically referencing Chapter 49 of the Texas Penal Code, the 2003 amendments to Article 14.03(d) would have expressly covered the facts of this case, had

In her brief to this Court, Leonard correctly points out that several courts of appeals have written that an officer may not arrest or detain someone outside the officer's jurisdiction.[3] In *Armendariz v. State*, 63 S.W.3d 572, 576 (Tex.App.—El Paso 2001, pet. granted), *rev'd*, 123 S.W.3d 401 (Tex.Crim.App.2003), the Eighth Court of Appeals held a city officer lacked statutory authority to stop and arrest a defendant outside of the officer's jurisdiction. In *Gerron v. State*, 57 S.W.3d 568, 571 (Tex.App.—Waco 2001), *vacated & remanded*, 97 S.W.3d 597 (Tex.Crim.App. 2003), the Waco Court of Appeals reversed Gerron's conviction after holding that a police officer may not stop and detain a suspect outside the officer's jurisdiction where the officer had only a reasonable suspicion that an offense had occurred or was occurring.[4] *See also Yeager v. State*, 23 S.W.3d 566 (Tex.App.—Waco 2000), *rev'd*, 104 S.W.3d 103 (Tex.Crim.App. 2003).[5] And in *State v. Kurtz*, 111 S.W.3d 315 (Tex.App.—Dallas 2003, pet. granted), the Fifth Court of Appeals affirmed the trial court's suppression of evidence where the defendant was stopped by Plano police officers inside the City of Frisco, Texas.[6]

Other courts of appeals have ruled against Leonard's position that an officer's jurisdiction ends at the city limits sign. In *Brother*, the Second Court of Appeals affirmed the trial court's ruling that a Hurst police officer could stop and arrest a DWI suspect within the city limits of North Richland Hills. The *Brother* court noted that "nothing in the current statutes limits the jurisdiction afforded city police officers to less than a county-wide area." *Brother*, 85 S.W.3d at 383. In *Dogay v. State*, 101 S.W.3d 614, 616–18 (Tex.App.—Houston [1st Dist.] 2003, no pet.), the Houston Court of Appeals affirmed the trial court's denial of a motion to suppress, reasoning the 1995 amendments to Article 14.03 of the Texas Code of Criminal Procedure were meant to broaden the authority of city police officers to effect arrests of persons who commit crimes within the officer's view even if committed outside the officer's jurisdiction.

In *Preston*, 983 S.W.2d at 26–27, the Tyler Court of Appeals affirmed the trial court's denial of a motion to suppress. A Lindale police officer had arrested Preston outside Lindale's city limits. *Id.* Our sister court, referencing Article 14.03(g) of the Texas Code of Criminal Procedure, held the officer properly arrested Preston for DWI because the officer's observations of Preston's behavior properly led the officer to conclude Preston was violating the Texas Penal Code. *Id.*

In *Thomas*, 864 S.W.2d at 195, 197, this Court upheld Thomas' arrest even though

---

Leonard's arrest occurred but two days later.

3. Each of the cases cited by Leonard was, for varying reasons, subsequently reversed by the Texas Court of Criminal Appeals.

4. On remand from the Texas Court of Criminal Appeals, the Waco Court of Appeals affirmed Gerron's conviction. *Gerron v. State*, 119 S.W.3d 371 (Tex.App.—Waco 2003, no pet.).

5. In *Yeager*, the Waco Court of Appeals said the "hot pursuit" doctrine did not authorize a police officer to arrest a suspect outside the officer's jurisdiction. *Yeager v. State*, 23

S.W.3d 566 (Tex.App.—Waco 2000, pet. granted). On discretionary review, the Texas Court of Criminal Appeals disagreed. The high criminal court found that the hot pursuit doctrine authorized the DWI suspect's initial detention even though the officer was outside his township's jurisdiction. *Yeager v. State*, 104 S.W.3d 103, 109 (Tex.Crim.App.2003).

6. This case was submitted for decision by the Texas Court of Criminal Appeals on April 15, 2004. As of the date of our opinion in this case, the Texas Court of Criminal Appeals had not yet issued its written decision.

it was made by an off-duty, city police chief who was outside both his home city and county. We held Article 14.03(d) of the Texas Code of Criminal Procedure authorized the police chief to arrest Thomas, given the facts of that particular case. *Id.* at 196–97.

*Armendariz* presented the Texas Court of Criminal Appeals with the same issue now before this Court. The *Armendariz* court, however, resolved its opinion based on Article 14.01 of the Texas Code of Criminal Procedure, not Article 14.03, as relied on by the court below. *Compare Armendariz*, 123 S.W.3d at 403, 404 (Armendariz' second argument clearly based on 14.03) and *Armendariz*, 63 S.W.3d 572, 576 (citing Article 14.03(g)), with *Armendariz*, 123 S.W.3d at 405 (court relied on Article 14.01 to affirm trial court's ruling). Leonard asks us to consider Judge Womack's and Judge Meyers' concurring and dissenting opinions (respectively) in *Armendariz* for guidance in resolving this case under Article 14.03. However, given the evolution of Texas jurisprudence on this issue, we believe Leonard's arrest was permissible under either Article 14.01 or Article 14.03 of the Texas Code of Criminal Procedure.

"A peace officer or any other person may, without a warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony or as an offense against the public peace." TEX. CODE CRIM. PROC. ANN. art. 14.01 (Vernon 1977); *see also Romo v. State*, 577 S.W.2d 251, 252–53 (Tex.Crim.App. [Panel Op.] 1979) (affirming conviction based on officer's DWI arrest made outside officer's jurisdiction); *Heck v. State*, 507 S.W.2d 737, 740 (Tex.Crim.App.1974) (citizen may make arrest for offense committed in presence or for offense that is breach of peace). Driving while intoxicated is a crime that breaches the peace. TEX. PEN. CODE ANN. § 49.04 (defining DWI); *Romo*, 577 S.W.2d at 253; *Cooper v. State*, 961 S.W.2d 229, 232 (Tex.App.—Houston [1st Dist.] 1997, pet. ref'd).

▮ If a police officer acting outside the officer's home jurisdiction has knowledge, that when combined with the officer's personal observations, "cause an officer to believe that an offense is being committed in the officer's presence," then the officer may lawfully detain or arrest that suspect. *Thomas*, 864 S.W.2d at 196. We note, however, that the "[p]erceived events must be out of the ordinary, suspicious, and tie the suspect to the criminal act." *Id.*

In the present case, Portwood had several critical pieces of information before stopping Leonard's vehicle: (1) he had received a "BOLO" alert for a suspected drunk driver, (2) he had located the suspect driver's car and corroborated the information provided by the concerned citizen, (3) he had personally observed the driver of the suspect car fail to maintain a single lane of traffic, several times crossing into oncoming traffic, (4) he had· seen the suspect make a wide right turn at a high rate of speed, and (5) he had seen the suspect drive off the roadway. We believe Portwood had sufficient personal observation to conclude a criminal offense was being committed in his presence. Leonard's arrest, made without a warrant and conducted outside the city limits of Kilgore, was thus duly authorized by either Article 14.01 (citizen's arrest) or Article 14.03(d) (officer outside jurisdiction) of the Texas Penal Code. The evidence Officer Portwood and Trooper Smith collected subsequent to Leonard's arrest was properly admitted at Leonard's guilty plea.

Because both Article 14.01 and Article 14.03(d) provide exceptions to the general requirement—that a police officer being within the geographic confines of his home

jurisdiction before the officer may arrest a suspect for a criminal offense—the trial court did not err by overruling Leonard's motion to suppress evidence.

We affirm the trial court's judgment.