In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00012-CR
______________________________


JANET CLANTON LEONARD, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the County Court at Law #1 
Gregg County, Texas
Trial Court No. 2003-4360


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Chief Justice Morriss


O P I N I O N

            On Saturday, August 30, 2003, shortly before 7:56 p.m., Officer Trae Portwood of the
Kilgore Police Department heard over his radio a Gregg County Sheriff's Office county-wide
"BOLO" (be on the lookout) broadcast, alerting all officers in the vicinity concerning a reportedly
drunk driver traveling south on Texas Highway 42 toward Interstate 20. That location is in Gregg
County, just outside the city limits of Kilgore, Texas. Portwood was nearby and responded.
            When Portwood arrived at the scene, he spotted the suspect vehicle traveling south on Texas
Highway 42 (toward the interstate). During Portwood's observation of the vehicle, it failed to stay
within its lane on several occasions and also crossed into the lane of oncoming traffic. Portwood
then saw the driver make "a wide right turn at a high rate of speed, leaving the roadway, in an
attempt to go west on Interstate 20." Based on these observations, Portwood stopped the vehicle. 
Janet Clanton Leonard was the driver and the vehicle's sole occupant. Portwood talked briefly with
Leonard, and then requested assistance from a state trooper from the Texas Department of Public
Safety. Trooper Brandon Smith responded and, shortly after arriving, formally arrested Leonard for
driving while intoxicated. 
            Leonard asked the trial court to suppress the State's evidence, arguing the initial traffic stop
was unlawful because Portwood was outside the jurisdiction of Kilgore when he stopped her. The
trial court found there was a conflict among the intermediate appellate courts as to whether a peace
officer could effect a traffic stop for an offense that occurred outside the officer's jurisdiction. Based
on that conflict, the trial court denied Leonard's motion to suppress. 
            Leonard subsequently pled guilty to the charged offense and the enhancement allegation,


 and
was placed on community supervision for a period of two years. On appeal to this Court, Leonard
contends the trial court erred by denying her motion to suppress. We affirm.
Standard of Review
            We review a trial court's ruling on a motion to suppress for abuse of discretion. Oles v. State,
993 S.W.3d 103, 106 (Tex. Crim. App. 1999). "An appellate court reviewing a trial court's ruling
on a motion to suppress must view the evidence in the light most favorable to the trial court's ruling." 
Armendariz v. State, 123 S.W.3d 401, 402 n.1 (Tex. Crim. App. 2003). We must "uphold the trial
court's ruling on appellant's motion to suppress if that ruling was supported by the record and was
correct under any theory of law applicable to the case." Id. "That rule holds true even if the trial
court gave the wrong reason for its ruling." Id. We may reverse a trial court's ruling only if its
decision was outside the "zone of reasonable disagreement." Salazar v. State, 38 S.W.3d 141,
153–54 (Tex. Crim. App. 2001).
 
 
Initial Detention
            Before we proceed to the issue raised on appeal, we must first determine whether Leonard
was under arrest at the moment Portwood stopped her vehicle. "A person is arrested when he has
been actually placed under restraint or taken into custody by an officer or person executing a warrant
of  arrest,  or  by  an  officer  or  person  arresting  without  a  warrant."  Tex.  Code  Crim.  Proc.
Ann. art. 15.22 (Vernon 1977). A fair reading of the record before us suggests that, at the time
Portwood stopped Leonard's vehicle, he would not have allowed her to immediately leave the scene
had she so desired. However, merely because Leonard was not free to leave does not mean she was
under arrest. "A police officer can stop and briefly detain a person for investigative purposes if the
officer has reasonable suspicion supported by articulable facts that criminal activity 'may be afoot.'" 
Brother v. State, 85 S.W.3d 377, 382 (Tex. App.—Fort Worth 2002, pet. filed) (quoting Terry v.
Ohio, 392 U.S. 1, 30 (1968)). 
            In this case, the Gregg County Sheriff's Office dispatcher had relayed information from a
concerned citizen about a suspected intoxicated driver. Portwood had been told to be looking for
"a 1997 Volkswagen Jetta TXLP# P59-JYF" that "was southbound on State Highway 42." After
identifying the suspect vehicle and corroborating the information provided by the concerned citizen,
Portwood observed the driver steer out of her lane of traffic several times and also cross into
oncoming traffic. Portwood also saw the driver make a wide right turn and leave the roadway. 
Based on these facts, Portwood had sufficient information to form an articulable suspicion that the
driver of the Volkswagen Jetta was intoxicated. Thus, assuming Portwood was authorized to act as
a police officer outside Kilgore's city limits, Leonard's initial detention by Portwood was the product
of reasonable, articulable suspicion that Leonard was committing a crime in violation of the Texas
Penal Code. See Brother, 83 S.W.3d at 381–82 (Hurst police officer's detention of DWI suspect
reasonable because based on sufficient information to warrant investigative detention); Preston v.
State, 983 S.W.2d 24, 26 (Tex. App.—Tyler 1998, no pet.) (Lindale police officer who observed
defendant driving and exhibiting signs of intoxication was authorized to arrest suspect outside
officer's jurisdiction for Penal Code violation committed in officer's presence).
Extra-Jurisdictional Arrest
            In her brief to this Court, as she did before the trial court, Leonard contends her initial
detention and subsequent arrest violated Article 14.03 of the Texas Code of Criminal Procedure.
Generally, "a peace officer is a peace officer only while in his jurisdiction and when the officer
leaves that jurisdiction, he cannot perform the functions of his office." Thomas v. State, 864 S.W.2d
193, 196 (Tex. App.—Texarkana 1993, pet. ref'd). There are, however, several statutory exceptions
to this general premise. In this case, Portwood's jurisdiction as a peace officer was limited to
Kilgore's city limits, unless one of those exceptions authorized Leonard's arrest. 
            At the time of Leonard's arrest, Article 14.03 of the Texas Code of Criminal Procedure
provided for two such exceptions:
(d) A peace officer who is outside his jurisdiction may arrest, without warrant, a
person who commits . . . a breach of the peace . . . . A peace officer making an
arrest under this subsection shall, as soon as practicable after making the arrest,
notify  a  law  enforcement  agency  having  jurisdiction  where  the  arrest  was
made. . . .
 
[and]
 
(g) A peace officer listed in Subdivision (1), (2), (3), (4), or (5), Article 2.12, who is
licensed under Chapter 415, Government Code, and is outside of the officer's
jurisdiction may arrest without a warrant a person who commits any offense
within the officer's presence or view, except that an officer who is outside the
officer's jurisdiction may arrest a person for a violation of Subtitle C, Title 7,
Transportation Code, only if the officer is listed in Subdivision (4), Article 2.12. 
A peace officer making an arrest under this subsection shall as soon as
practicable after making the arrest notify a law enforcement agency having
jurisdiction where the arrest was made. . . .
 
Tex. Code Crim. Proc. Ann. art. 14.03(d), Act of May 29, 1993, 73rd Leg., ch. 900, § 3.02, 1993
Tex. Gen. Laws 3715, amended by Act of May 29, 2003, 78th Leg., R.S., ch. 897, § 1, 2003 Tex.
Gen. Laws 2723 (emphasis added); Tex. Code Crim. Proc. Ann. art. 14.03(g) (Vernon Supp.
2004).



            In her brief to this Court, Leonard correctly points out that several courts of appeals have
written that an officer may not arrest or detain someone outside the officer's jurisdiction.


 In
Armendariz v. State, 63 S.W.3d 572, 576 (Tex. App.—El Paso 2001, pet. granted), rev'd, 123
S.W.3d 401 (Tex. Crim. App. 2003), the Eighth Court of Appeals held a city officer lacked statutory
authority to stop and arrest a defendant outside of the officer's jurisdiction. In Gerron v. State, 57
S.W.3d 568, 571 (Tex. App.—Waco 2001), vacated & remanded, 97 S.W.3d 597 (Tex. Crim. App.
2003), the Waco Court of Appeals reversed Gerron's conviction after holding that a police officer
may not stop and detain a suspect outside the officer's jurisdiction where the officer had only a
reasonable suspicion that an offense had occurred or was occurring.


 See also Yeager v. State, 23
S.W.3d 566 (Tex. App.—Waco 2000), rev'd, 104 S.W.3d 103 (Tex. Crim. App. 2003).


 And in
State v. Kurtz, 111 S.W.3d 315 (Tex. App.—Dallas 2003, pet. granted), the Fifth Court of Appeals
affirmed the trial court's suppression of evidence where the defendant was stopped by Plano police
officers inside the City of Frisco, Texas.


 
            Other courts of appeals have ruled against Leonard's position that an officer's jurisdiction
ends at the city limits sign. In Brother, the Second Court of Appeals affirmed the trial court's ruling
that a Hurst police officer could stop and arrest a DWI suspect within the city limits of North
Richland Hills. The Brother court noted that "nothing in the current statutes limits the jurisdiction
afforded city police officers to less than a county-wide area." Brother, 85 S.W.3d at 383. In Dogay
v. State, 101 S.W.3d 614, 616–18 (Tex. App.—Houston [1st Dist.] 2003, no pet.), the Houston Court
of Appeals affirmed the trial court's denial of a motion to suppress, reasoning the 1995 amendments
to Article 14.03 of the Texas Code of Criminal Procedure were meant to broaden the authority of
city police officers to effect arrests of persons who commit crimes within the officer's view even if
committed outside the officer's jurisdiction.
            In Preston, 983 S.W.2d at 26–27, the Tyler Court of Appeals affirmed the trial court's denial
of a motion to suppress. A Lindale police officer had arrested Preston outside Lindale's city limits. 
Id. Our sister court, referencing Article 14.03(g) of the Texas Code of Criminal Procedure, held the
officer properly arrested Preston for DWI because the officer's observations of Preston's behavior
properly led the officer to conclude Preston was violating the Texas Penal Code. Id.
            In Thomas, 864 S.W.2d at 195, 197, this Court upheld Thomas' arrest even though it was
made by an off-duty, city police chief who was outside both his home city and county. We held
Article 14.03(d) of the Texas Code of Criminal Procedure authorized the police chief to arrest
Thomas, given the facts of that particular case. Id. at 196–97.
            Armendariz presented the Texas Court of Criminal Appeals with the same issue now before
this Court. The Armendariz court, however, resolved its opinion based on Article 14.01 of the Texas
Code of Criminal Procedure, not Article 14.03, as relied on by the court below. Compare
Armendariz, 123 S.W.3d at 403, 404 (Armendariz' second argument clearly based on 14.03) and
Armendariz, 63 S.W.3d 572, 576 (citing Article 14.03(g)), with Armendariz, 123 S.W.3d at 405
(court relied on Article 14.01 to affirm trial court's ruling). Leonard asks us to consider Judge
Womack's and Judge Meyers' concurring and dissenting opinions (respectively) in Armendariz for
guidance in resolving this case under Article 14.03. However, given the evolution of Texas
jurisprudence on this issue, we believe Leonard's arrest was permissible under either Article 14.01
or Article 14.03 of the Texas Code of Criminal Procedure.
            "A peace officer or any other person may, without a warrant, arrest an offender when the
offense is committed in his presence or within his view, if the offense is one classed as a felony or
as an offense against the public peace." Tex. Code Crim. Proc. Ann. art. 14.01 (Vernon 1977); see 
also Romo v. State, 577 S.W.2d 251, 252–53 (Tex. Crim. App. [Panel Op.] 1979) (affirming
conviction based on officer's DWI arrest made outside officer's jurisdiction); Heck v. State, 507
S.W.2d 737, 740 (Tex. Crim. App. 1974) (citizen may make arrest for offense committed in presence
or for offense that is breach of peace). Driving while intoxicated is a crime that breaches the peace. 
Tex. Pen. Code Ann. § 49.04 (defining DWI); Romo, 577 S.W.2d at 253; Cooper v. State, 961
S.W.2d 229, 232 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd). 
            If a police officer acting outside the officer's home jurisdiction has knowledge, that when
combined with the officer's personal observations, "cause an officer to believe that an offense is
being committed in the officer's presence," then the officer may lawfully detain or arrest that suspect. 
Thomas, 864 S.W.2d at 196. We note, however, that the "[p]erceived events must be out of the
ordinary, suspicious, and tie the suspect to the criminal act." Id.
            In the present case, Portwood had several critical pieces of information before stopping
Leonard's vehicle: (1) he had received a "BOLO" alert for a suspected drunk driver, (2) he had
located the suspect driver's car and corroborated the information provided by the concerned citizen,
(3) he had personally observed the driver of the suspect car fail to maintain a single lane of traffic,
several times crossing into oncoming traffic, (4) he had seen the suspect make a wide right turn at
a high rate of speed, and (5) he had seen the suspect drive off the roadway. We believe Portwood
had sufficient personal observation to conclude a criminal offense was being committed in his
presence. Leonard's arrest, made without a warrant and conducted outside the city limits of Kilgore,
was thus duly authorized by either Article 14.01 (citizen's arrest) or Article 14.03(d) (officer outside
jurisdiction) of the Texas Penal Code. The evidence Officer Portwood and Trooper Smith collected
subsequent to Leonard's arrest was properly admitted at Leonard's guilty plea.
            Because both Article 14.01 and Article 14.03(d) provide exceptions to the general
requirement—that a police officer being within the geographic confines of his home jurisdiction
before the officer may arrest a suspect for a criminal offense—the trial court did not err by overruling
Leonard's motion to suppress evidence. 
            We affirm the trial court's judgment.
 

                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          April 27, 2004
Date Decided:             May 12, 2004

Publish