In The
Court of Appeals
For The
First District of Texas
____________
NO. 01-01-01102-CR
____________

MARTIN DALE DOGAY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 871780




O P I N I O N
           Martin Dale Dogay, appellant, was charged with the felony offense of possession with
intent to deliver over 400 grams of methamphetamines, a controlled substance, and
exhibiting a deadly weapon during the commission of a drug offense. The trial court denied
appellant’s motion to suppress, and appellant pled guilty to the offense. Appellant was
sentenced to 15 years confinement and assessed a $1,000 fine. Appellant raises the following
five points on appeal: (1) he was subjected to an illegal arrest and search of his person and
vehicle in violation of article I, section 9 of the Texas Constitution, (2) the trial court erred
in denying appellant’s motion to suppress because the officers lacked reasonable suspicion
for the stop, (3) he was arrested without probable cause in violation of article I, section 9 of
the Texas Constitution, (4) his vehicle was searched without probable cause in violation of
article I, section 9 of the Texas Constitution, and (5) the trial court erred in denying
appellant’s motion to suppress because appellant’s consent was involuntary.
Background
           Houston Police Department Officer, Hector Gonzalez, assigned to the narcotics
division, received information from a confidential informant that a male staying in room 211
at the Comfort Inn might be in town to transport narcotics. Gonzalez and his partner,
Fulbright, obtained records from the hotel clerk showing who occupied room 211. Once
Gonzalez and Fulbright learned that appellant was the registered guest, they checked
appellant’s criminal history and found that appellant had been arrested in Lafayette,
Louisiana, during a search warrant execution for methamphetamines. Gonzalez and
Fulbright set up surveillance at the Comfort Inn. Gonzalez did not see any important activity
on the first day of surveillance, but he resumed surveillance the next day. The second day,
Gonzalez saw appellant return to the Comfort Inn driving a gray pick-up truck. Appellant
got out of the truck and went inside the hotel room. He came out a short time later carrying
a black bag and a white bag; he placed both bags behind the driver’s seat. 
           Appellant, appearing to be in a hurry, got in the truck and proceeded eastbound on
Interstate 10. Gonzalez followed appellant and observed that appellant was speeding and
changing lanes without using turn signals. Gonzalez radioed the Houston Police Department
dispatcher for a patrol vehicle to assist in making a traffic stop of appellant’s vehicle. 
Houston Police Officer Steven Franklin responded. Following Gonzalez’s description of
appellant’s vehicle, Franklin spotted appellant’s vehicle and observed him speeding and
changing lanes unsafely and without signaling. Gonzalez and Franklin both testified that
appellant could not have been stopped safely within the Houston city limits due to heavy road
construction on Interstate 10 between Houston and Baytown. Franklin stopped appellant in
Baytown.
           Appellant immediately got out of his vehicle and walked towards Franklin. Franklin
testified that, when he approached appellant and asked for his identification, appellant
smelled like marijuana. Gonzalez arrived at the scene, identified himself to appellant, and
told appellant that he had been stopped for speeding and changing lanes unsafely. Gonzalez
then asked appellant if he could talk to him about a narcotics investigation, to which
appellant assented. Gonzalez asked appellant if he could search his truck for weapons and
contraband, and appellant consented. Gonzalez opened the driver’s door and smelled burnt
marijuana. Gonzalez walked around the other side of the truck and found a damp, partly
smoked marijuana cigarette lying behind the rear-seat. Gonzalez then opened a black fanny-pack sitting on top of the console between the driver and passenger seat and found a Ruger
9 millimeter, semiautomatic pistol, 3 clips of ammunition, and about 35 rounds of 9
millimeter ammunition. Gonzalez searched a pocket attached to the back of the driver’s seat
and found a white plastic bag. Gonzalez observed that the white plastic bag contained an
odorous, dark-brown and gray chunky substance. Based on his experience, Gonzalez
believed the substance to be methamphetamines.
Discussion
Standard of Review
           We review a trial court’s ruling on a motion to suppress evidence for abuse of
discretion. Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); Taylor v. State,
945 S.W.2d 295, 297 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d). The Court will
afford almost total deference to a trial court’s determination of historical facts that the record
supports, especially when the findings are based on the evaluation of credibility and
demeanor. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The fact finder is
the sole judge of the witnesses’ credibility and may accept or reject any or all of the
witnesses’ testimony. Taylor, 945 S.W.2d at 297. In reviewing a ruling on a question of
application of law to facts, we review the evidence in the light most favorable to the trial
court’s ruling. Guzman, 955 S.W.2d at 89.
Police Officers’ Jurisdiction
           In his first point of error, appellant contends his constitutional right to be free from
unreasonable searches and seizures was violated because the City of Houston police officers
illegally arrested him and searched his vehicle outside their jurisdiction. Appellant relies on
an El Paso Court of Appeals’ decision, Armendariz v. State, which held that “The Code [of
Criminal Procedure art. 14.03(g)] specifically prohibits peace officers, other than those
commissioned by the Public Safety Commission and the Director of the Department of Public
Safety, to arrest outside of their jurisdiction for violations of the Transportation Code.” See
Armendariz v. State, 63 S.W.3d 572, 576 (Tex. App.—El Paso 2001, pet. granted).
           We do not disagree with Armendariz’s analysis of article 14.03(g) to the extent that
it holds that peace officers, other than Department of Public Safety Officers, cannot make
an arrest for traffic violations occurring within their presence outside of the geographical area
they are employed to serve. However, when article 14.03(g) was amended in 1995, nothing
in the legislative history of the amendment indicated a legislative intent to limit police
officers’ jurisdiction to a geographical area less than county-wide. See Brother v. State, 85
S.W.3d 377, 384-85 (Tex. App.—Fort Worth 2002, pet. filed). To the contrary, the House
Research Organization bill analysis explained that the purpose of the legislation was to
broaden city police officers’ authority to make warrantless arrests. See House Research
Organization, Bill Analysis, Tex. H.B. 2614, 74th Leg., R.S. (1995). The object of the
legislation was to amend article 14.03 of the Code of Criminal Procedure to allow peace
officers to preserve the peace within the entire State of Texas, not just their jurisdictions, by
allowing them to arrest, outside their jurisdictions and without warrant, persons who commit
offenses within the officer’s presence or view. See id.; see also Brother v. State, 85 S.W.3d
at 384-85.
 
 
           Texas Code of Criminal Procedure article 14.03(g) now states:
A peace officer listed in Subdivision (1), (2), (3), (4), or (5), Article 2.12, who
is licensed under Chapter 415, Government Code, and is outside of the
officer’s jurisdiction may arrest without a warrant a person who commits any
offense within the officer’s presence or view, except that an officer who is
outside the officer’s jurisdiction may arrest a person for a violation of Subtitle
C, Title 7, Transportation Code, only if the officer is listed in Subdivision (4),
Article 2.12.


 (Vernon Supp. 2003).

          In Nite v. State, a case decided before the 1995 amendment to article 14.03(g),
we held that city police officers have county-wide jurisdiction to arrest traffic
offenders. 882 S.W.2d 587, 591 (Tex. App.—Houston [1st Dist.] 1994, no writ). 
           The effect of the amendments to article 14.03(g) and case law is that municipal and
county officers are authorized to arrest a person for a felony or misdemeanor offense, other
than traffic violations, committed in his presence, anywhere in Texas, and are authorized to
arrest for traffic violations occurring within the county where the officer is employed.
           In the instant case, both Gonzalez and Franklin observed appellant commit traffic
violations within their jurisdiction and arrested appellant as a result.


 We overrule
appellant’s first point of error.
Reasonable Suspicion to Stop
           In his second point of error, appellant contends the trial court erred in denying his
motion to suppress because the officer did not have reasonable suspicion to stop and detain
appellant. It is well-settled that a police officer may stop and arrest a driver for a traffic
violation and may search the car and the area of the car incident to the arrest.
           In this case, both Gonzalez and Franklin, individually, observed appellant speed and
change lanes without using proper turn signals.


 Based on these observations, officers
Franklin and Gonzalez had probable cause to stop and arrest appellant. We overrule
appellant’s second point of error.
Request to Search and Voluntariness of Consent
           In his fourth point of error, appellant contends that his constitutional right to be free
from unreasonable searches and seizures was violated when the police officer conducted a
search of appellant’s car without probable cause.


 In his fifth point of error, appellant
contends that the trial court erred in overruling his motion to suppress because his consent
to search was involuntary.
           We have noted before that one of the well-established exceptions to the warrant and
probable cause requirements of the Fourth Amendment is a search conducted pursuant to
consent. State v. Derrow, 981 S.W.2d 776, 778 (Tex. App.—Houston [1st Dist.] 1998, pet.
ref’d) (citing Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S. Ct. 2041, 2043-44 (1973)). 
Our focus is on the voluntariness of the consent. Id. In order to be valid, consent must not
be coerced by explicit or implicit means, by implied threat, or by covert force. Carmouche
v. State, 10 S.W.3d 323, 331 (Tex. Crim. App. 2000) (quoting Schneckloth, 412 U.S. at 228,
93 S. Ct. at 2048).
           The record at the suppression hearing showed that, as Franklin was writing the traffic
citations and running appellant’s driver’s license for possible warrants, Gonzalez informed
appellant why he had been stopped. Gonzalez notified appellant that he was conducting a
narcotics investigation, and requested appellant’s permission to search his vehicle for
weapons and contraband. On direct examination at the suppression hearing, appellant
testified that he had given the officers consent to search his car. Appellant testified that he
felt he had to cooperate with the police officers and give consent or they would search the
vehicle anyway. On cross-examination, appellant testified that he voluntarily gave the
officers consent to search his car. Appellant also testified that neither Gonzalez nor Franklin
did anything to pressure him to give consent to search his car. The officers’ search of
appellant’s vehicle was proper. We overrule appellant’s fourth and fifth points of error.
Probable Cause to Arrest
           In his third point of error, appellant contends that he was arrested without probable
cause.


 We have already noted that the officers had probable cause to stop and arrest
appellant for traffic violations. We overrule appellant’s third point of error.
 
 
 
Conclusion
           Based on the record before us, we hold that the trial court did not err in denying
appellant’s motion to suppress. We affirm the trial court’s judgment. 
 
                                                                             Sam Nuchia
                                                                             Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.
Publish. Tex. R. App. P. 47.