Opinion Issued November 18, 2004








     







In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00798-CR




DAVID LOPEZ, Appellant

V.

THE STATE OF TEXAS, Appellee



 
On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause No. 936239
 

 
 
MEMORANDUM OPINION

          The State charged appellant David Lopez with the felony offense of possession
of cocaine, a controlled substance, with intent to deliver.


 Lopez moved to suppress
evidence of the cocaine, and after an evidentiary hearing, the trial court overruled the
motion. Lopez then waived his privilege against self- incrimination, his right to a
trial by jury, and his right to confrontation. He entered into a stipulation of evidence,
and pleaded not guilty. Based upon the stipulation, the trial court convicted Lopez
and sentenced him to fifteen years’ confinement and a fine of $100. Lopez contends
that the trial court erred in denying his motion to suppress because: (1) the State
presented insufficient evidence to demonstrate the reliability of its confidential
informant; and (2) he did not voluntarily consent to the search of his vehicle. We
affirm.
            Background
          On January 15, 2003, a confidential informant told Officer Isaac Villareal of
the Pasadena Police Department that an unspecified amount of cocaine would be
transported in a red Dodge Dakota truck, then located at a Burger King on Kleckey
Drive in Harris County. Villareal found the truck, and followed it as it traveled onto
Interstate 45 and into the City of Houston. Villareal requested that uniformed
Houston Police Department (“HPD”) officers stop the vehicle because the vehicle had
entered the City of Houston. Villareal followed the vehicle onto Loop 610 East, and
then onto Interstate 10 East. HPD Officer Brian Davis observed the truck traveling
on Interstate 10 East and approaching Uvalde. After Officer Davis observed Lopez
change lanes illegally, he initiated a traffic stop. Officer Davis placed Lopez in his
patrol car and ran a check of his criminal record. He discovered that Lopez was the
subject of outstanding warrants with the City of Houston and placed him under arrest. 
Two additional HPD officers arrived shortly after Davis stopped Lopez’s truck. 
Because Lopez had stopped his truck on the Interstate 10 shoulder, HPD Officer Eli
Zepeda drove the truck off of the interstate, and into a McDonald’s parking lot. 
          Officer Villareal informed Lopez that the officers were conducting a narcotics
investigation, and obtained Lopez’s consent to search the truck. A narcotics dog
alerted to a car battery located in the bed of the truck. The officers opened the battery
and found three kilograms of cocaine wrapped in duct tape and grease. Standard of Review
          In reviewing a trial court’s ruling on a motion to suppress, we apply the
bifurcated standard of review articulated in Guzman v. State, 955 S.W.2d 85 (Tex.
Crim. App. 1997). We defer to a trial court’s determination of historical facts, and
review de novo the trial court’s application of the law of search and seizure. 
Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000) (citing Guzman, 955
S.W.2d at 88-89). If the issue involves the credibility of a witness, we give greater
deference to a trial court’s ruling, as a trial court is in a better position to evaluate the
credibility of witnesses before it. Guzman, 955 S.W.2d at 87-89. If the trial court is
called upon to apply the law to the facts, and the ultimate resolution of the issue does
not turn on an evaluation of credibility and demeanor of a witness, we review that
issue de novo. Id. at 89. If, as here, a trial court makes no express findings of fact,
we review the evidence in a light most favorable to the trial court’s ruling as long as
evidence in the record supports it. Balentine v. State, 71 S.W.3d 763, 768 (Tex. Crim.
App. 2002); Dominguez v. State, 125 S.W.3d 755, 762 (Tex. App.—Houston [1st
Dist] 2003, pet. ref’d).
The Stop of Lopez’s Truck
          Relying on Smith v. State, 58 S.W.3d 784 (Tex. App.—Houston [14th Dist.]
2001, pet. ref’d) and Carmouche v. State, 10 S.W.3d 323 (Tex. Crim. App. 2000),
Lopez contends that the trial court erred in denying his motion to suppress, “because
the informant provided insufficient information to generate probable cause.” Lopez
contends that, because the State failed to demonstrate the reliability of the informant’s
information, the police could not, in analyzing the totality of the circumstances, have
justifiably detained him.
          Lopez’s reliance on Smith and Carmouche is misplaced. The State conceded
in Smith that a traffic violation was not the basis for the stop; thus, the issue was
whether the police had a reasonable suspicion to stop a vehicle, based solely upon
information obtained from an informant. Smith, 58 S.W.3d at 787 n.2. Although
Officer Davis admitted that the information he received from Officer Villareal
“precipitated” the stop, Davis nonetheless testified that he stopped Lopez because he
changed lanes without signaling, in moderate to heavy traffic. See Tex. Transp.
Code Ann. §545.104(a) (Vernon 2003) (requiring operator to use authorized turn
signal to indicate intent to turn, change lanes, or start from a parked position); Tex.
Transp. Code Ann. §542.301(providing violation of provisions of Title 7, Subtitle
C of the Texas Transportation Code is an offense). Based upon his observation,
Texas law authorized Officer Davis to stop Lopez. See Armitage v. State, 637 S.W.2d
936, 939 (Tex. Crim. App. 1982) (violation of traffic law sufficient authority for
officer to stop vehicle); Dogay v. State, 101 S.W.3d 614, 618 (Tex. App.—Houston
[1st Dist.] 2003, no pet.) (stop justified based upon officer’s observation of vehicle
speeding and changing lanes without proper turn signal).
          Similarly, in Carmouche, the arresting officer observed a traffic violation and
then initiated a traffic stop, although the information he had received was the
underlying motive for the stop. Carmouche, 10 S.W.3d at 326. The Court of
Criminal Appeals evaluated the reliability of the confidential informant and
concluded that the stop was justified based upon the informant’s tip. It further
observed, however, that the officer “was also justified in stopping the Camry once he
observed a violation of the traffic laws.” Id. at 328 n.6 (citing Whren v. United States,
517 U.S. 806, 812-814, 116 S. Ct. 1769, 1774 (1996)). The Court of Criminal
Appeals thus held that as long as an actual violation occurs, law enforcement officials
may enforce traffic laws and detain an individual for a traffic violation, irrespective
of the officer’s subjective reasons for the detention. Id.; see also Garcia v. State, 827
S.W.2d 937, 944 (Tex. Crim. App. 1992) (holding that “appropriate limitation of an
officer’s discretion,” for purposes of Fourth Amendment to the United States
Constitution, is existence of law and actual commission of offense; officer’s
subjective intent is relevant only to credibility determination of stated reasons for
stopping or arresting individual). At the suppression hearing, Officer Davis testified
that he observed Lopez change lanes on the interstate highway without signaling. 
The trial court could believe or disbelieve all or any part of a witness’s testimony, and
we defer to its determination of historical facts. See State v. Ross, 32 S.W.3d 853,
855 (Tex. Crim. App. 2000); Carmouche, 10 S.W.3d at 327; King v. State, 35 S.W.3d
740, 742 (Tex. App. — Houston [1st Dist.] 2000, no pet.). We thus conclude that the
trial court did not err in denying Lopez’s motion to suppress on the basis that he was
subjected to an illegal stop. 
Consent to Search the Vehicle
          Lopez further contends that the trial court erred in denying his motion to
suppress because he did not voluntarily consent to the search of his truck. A
voluntary consensual search is an exception to the probable cause and warrant
requirements of the Fourth Amendment to the United States Constitution and Article
I, Section 9 of the Texas Constitution. Reasor v. State, 12 S.W.3d 813, 817 (Tex.
Crim. App. 2000). The State has the burden to prove by clear and convincing
evidence, that a suspect freely and voluntarily gave his consent. State v. Ibarra, 953
S.W.2d 242, 245 (Tex. Crim. App. 1997). We defer to the trial court for fact findings,
and review de novo the legal question of whether consent was voluntary. Ross, 32
S.W.3d at 856.
          Consent must not be the product of duress or coercion, express or implied. 
Reasor, 12 S.W.3d at 817 (citing Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93
S. Ct. 2041, 2043 (1973)). It must be positive and unequivocal, not merely
acquiescence to a claim of lawful authority. Carmouche, 10 S.W.3d at 331 (citing
Bumper v. North Carolina, 391 U.S. 543, 548, 88 S. Ct. 1788, 1792 (1968)). The fact
that a defendant is in custody does not, however, dictate that his consent is per se
involuntary. Reasor, 12 S.W.3d at 817-18. Whether consent is voluntary is
determined from the totality of the circumstances. Id. at 818; see also Ohio v.
Robinette, 519 U.S. 33, 40, 117 S. Ct. 417, 421 (1996).
           Lopez cites Reasor v. State, 988 S.W.2d 877 (Tex. App.—San Antonio 1999,
rev’d, 12 S.W.3d 813 (Tex. Crim. App. 2000), as support for his contention that he
did not voluntarily consent to the Officer’s search of his truck. Four police officers
arrested Reasor at gunpoint, and had handcuffed him when he consented to a search
of his residence. Reasor, 988 S.W.2d at 879-80. Moreover, Reasor gave his consent
only after the police had searched his vehicle and found illegal drugs. Id. at 881. 
Finally the police already had entered Reasor’s residence illegally to conduct a
protective sweep, and obtained Reasor’s consent to a search only after taking him
inside his residence. Id. at 880. The San Antonio Court of Appeals concluded that
the “coercive elements” present when Reasor signed his consent thwarted the State’s
attempt to show that the consent had been freely and voluntarily given. Id. at 881.
          Lopez fails to note, however, that the Texas Court of Criminal Appeals
reversed Reasor on the issue of voluntary consent. See Reasor, 12 S.W.3d at 819. 
The Texas Court of Criminal Appeals observed that the police gave Reasor his
Miranda warnings both at the time of his arrest and at the time he gave consent, that
he signed a Miranda warning and consent to search form, and that the officers
repeatedly warned him that he had the right to remain silent as he escorted the officers
through his residence and disclosed the location of contraband. Id. at 818-19. The
Texas Court of Criminal Appeals concluded, “[w]ith the many warnings given and
an appellant who comprehended those warnings, the record demonstrates that
[Reasor] understood his legal rights and chose not to assert them at that time.” Id. at
819.
          At the hearing in this case, Officers Davis, Zepeda, and Villareal testified that
Lopez voluntarily consented to the search of his truck. Officer Davis testified that
Lopez willingly signed the consent form, and that no one threatened Lopez or
otherwise forced him to sign the consent form. Officer Villareal testified that he
obtained Lopez’s consent to search the truck. He explained to Lopez that he was
investigating for narcotics, and advised him that he was entitled to refuse to sign the
form, as “it was voluntary.” Officer Villareal confirmed that Lopez could read
English, and then removed Lopez’s handcuffs and allowed him to read the form. He
also offered to answer any questions Lopez might have about the form. 
          The consent form describes the object to be searched, identifies the persons to
whom consent has been given to search, and states in pertinent part:
I understand that I have the right to refuse to consent to the search
described above and to refuse to sign this form. I further state that no
promises, threats, force, or physical or mental coercion of any kind
whatsoever have been used against me to get me to consent to the search
described above or to sign this form. 

Lopez testified that he read, understood, and signed the consent form. Officer Zepeda
testified that he observed Villareal explain the consent form to Lopez, that Lopez
appeared to sign the form freely and voluntarily, and that Lopez was not under any
threat of force when he signed the form. Lopez testified that he was very cooperative
during the encounter and wanted to “get along” with the police officers. He testified
that Villareal neither screamed at him, nor drew his weapon. Although he “was
intimidated, like kind of afraid” because of the number of police officers who
responded to the scene and thought that Villareal was “a little bit rude,” Lopez
admitted that this was not his first time to be handcuffed, arrested, and placed in the
back of a police car. Lopez was aware that he was not required to sign the consent
form, and testified that he made that fact known to Villareal by telling him, “I don’t
have to sign it.” Lopez nevertheless signed the form, explaining “[Villareal] said it
doesn’t matter, that he will get a warrant out for it anyway. So I signed it. I thought
I had no choice.” “An otherwise voluntary consent is not vitiated by the fact that an
officer asserts that he could or would obtain a search warrant if consent is refused.”
Grant v. State, 709 S.W.2d 355, 357-58 (Tex. App.—Houston [14th Dist.]1986, no
pet.) (citing Stephenson v. State, 494 S.W.2d 900, 904-05 (Tex. Crim. App. 1973)). 
Considering that Lopez read and understood the consent to search form, and that he
testified that before he signed the form, he informed Villareal that he knew he was not
required to sign it, we conclude that Villareal’s representation that he would at some
point search Lopez’s vehicle, regardless of whether he consented, does not vitiate
Lopez’s otherwise voluntary consent. Like the trial court in Reasor, the trial court
here was within its discretion to conclude that Lopez understood his legal rights and
chose not to assert them. See Reasor, 12 S.W.3d at 819. Affording proper deference
to the determination of the trial court, we hold that the trial court did not abuse its
discretion in concluding that Lopez freely and voluntarily consented to the search of
his vehicle. See id.
Conclusion
          Violation of a traffic law is a sufficient basis for a police officer to stop a
vehicle. Because Officer Davis observed Lopez violate a traffic law, Davis had a
justifiable basis to stop him. We further conclude that the trial court was within its
discretion to conclude that Lopez voluntarily consented to the police search of his
vehicle. We therefore affirm the judgment of the trial court.
 
 
Jane Bland
                                                             Justice
 
Panel consists of Justices Taft, Jennings, and Bland.
Do not publish. Tex. R. App. P. 47.2(b).