In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-04-00513-CR
____________

BRANDON RUIGE BURNETT, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 174th District Court 
Harris County, Texas
Trial Court Cause No. 950812 




 MEMORANDUM OPINION 
            Appellant, Brandon Ruige Burnett, pleaded not guilty to the felony offense
of possession with intent to deliver a controlled substance, cocaine, weighing 400
grams or more. See Tex. Health & Safety Code Ann. § 481.112(f) (Vernon
2004). Appellant and the State elected a bench trial. The trial court denied
appellant’s motion to suppress evidence, found appellant guilty, and assessed
punishment at 25 years’ confinement and a $10,000 fine. In two points of error,
appellant contends that (1) he was denied effective assistance of counsel because
his trial counsel stipulated that the substance recovered by police officers was
cocaine that weighed 997.3 grams, and (2) the trial court abused its discretion by
denying his motion to suppress evidence. We affirm.
Factual Background
          Houston Police Department (HPD) Officer Castille witnessed a possible
drug transaction involving three persons inside a Buick Roadmaster parked in the
lot of a restaurant at the 6500 block of Martin Luther King Boulevard in Houston. 
Officer Castille saw appellant get out of the Buick, while holding a black
backpack, and get onto a motorcycle. Appellant drove out of the parking lot on the
motorcycle, and the Buick followed. When Officer Castille’s partner saw the
Buick violate two traffic laws, he used his police radio to broadcast a description of
appellant’s motorcycle and also requested a marked police car to stop the Buick. 
          HPD Officer Boling was driving his marked police car and responded. As
he drove towards the requested area, Officer Boling observed appellant’s
motorcycle traveling southbound at a high rate of speed in the 8100 block of
Highway 288. As he paced appellant’s speed, Officer Boling determined that
appellant was speeding at a rate of over 100 miles per hour in a 70 miles per hour
zone. Officer Boling stopped appellant, approached him, and requested a driver’s
license and proof insurance. When appellant responded that he did not have a
driver’s license or insurance, Officer Boling told appellant that he would issue him
a citation for speeding, asked appellant to step into the back seat of his patrol car,
and instructed appellant to hand him the backpack that appellant was wearing. 
Appellant punched the officer in the face, dropped the backpack, and ran into the
median of the freeway. Officer Boling ran after appellant, and, after a struggle in
which a civilian motorist stopped to assist, Officer Boling arrested appellant for
assault and for evading arrest. A search of appellant’s backpack conducted after
his arrest produced a package containing 997.3 grams of cocaine. Ineffective Assistance of Counsel
          In his first point of error, appellant contends that his trial counsel rendered
ineffective assistance of counsel by entering into a stipulation with the State that
the substance recovered from appellant’s backpack was cocaine in the amount of
997.3 grams. Appellant argues that, by stipulating to the testimony of the State’s
chemist, trial counsel relieved the State of its burden to prove, as an essential
element of the offense, that the unknown substance was cocaine. 
          To prevail on a claim of ineffective assistance of counsel, the defendant
must show that (1) his counsel’s performance was deficient, and (2) a reasonable
probability exists that the result of the proceeding would have been different.
Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). The
first prong of the Strickland test requires that the defendant show that counsel’s
performance fell below an objective standard of reasonableness. Thompson v.
State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Thus, the defendant must prove
objectively, by a preponderance of the evidence, that his counsel’s representation
fell below professional standards. Mitchell v. State, 68 S.W.3d 640, 642 (Tex.
Crim. App. 2002). The second prong requires that the defendant show a
reasonable probability that, but for counsel’s unprofessional errors, the result of the
proceeding would have been different. See Strickland, 466 U.S. at 693-94, 104 S.
Ct. at 2068; Thompson, 9 S.W.3d at 812. Because the reviewing court must,
however, indulge a strong presumption that counsel’s conduct falls within the wide
range of reasonable professional assistance, the defendant must overcome the
presumption that, under the circumstances, the challenged action “might be
considered sound trial strategy.” Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. 
Any allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness. Thompson, 9
S.W.3d at 813 (citing McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App.
1996)). Under normal circumstances, the record on direct appeal will not be
sufficient to show that counsel’s representation was so deficient and lacking in
tactical or strategic decision-making as to overcome the presumption that counsel’s
conduct was reasonable and professional. Bone v. State, 77 S.W.3d 828, 833 (Tex.
Crim. App. 2002).
          The record shows that trial counsel stipulated that the substance recovered in
the backpack was cocaine weighing 997.3 grams, “subject to” the motion to
suppress, which was not waived by the stipulation. When the stipulation was
entered into evidence, the trial court asked appellant’s trial counsel whether he had
explained to appellant “his rights.” Appellant’s trial counsel replied that he had. 
In addition, the trial court asked appellant whether he understood that he was
waiving his right to have the State prove, with a witness, that the substance was
cocaine and the quantity of the substance, and also asked whether appellant’s trial
counsel had explained the stipulation to him. Appellant responded “yes.” 
          The record before us demonstrates that trial counsel consulted with appellant
concerning their joint decision to stipulate to the evidence. Although the record
before us suggests that appellant’s trial strategy was to pursue the motion to
suppress evidence, the record before us is silent concerning trial counsel’s actual
reasons for stipulating to the testimony of the State’s chemist. See Mayhue v.
State, 969 S.W.2d 503, 511 (Tex. App.—Austin 1998, no pet.) (citing Reyes v.
State, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993) (holding that defendant may
raise ineffective assistance of counsel claim and develop record in proceeding on
motion for new trial.)) To hold trial counsel ineffective based on the grounds that
appellant asserts here, when the record is silent concerning trial counsel’s strategy,
would require that we speculate, which we decline to do. See Gamble v. State, 916
S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). We must,
therefore, presume that counsel had a plausible reason for his actions. See
Thompson, 9 S.W.3d at 814. We hold that appellant has not met his burden of
proving ineffective assistance of counsel by a preponderance of the evidence. 
          We overrule point of error one.
Motion to Suppress
          In his second point of error, appellant contends that the trial court abused its
discretion by denying his motion to suppress evidence. Appellant argues that the
initial stop was predicated on the erroneous suspicion that appellant was engaged
in a drug transaction. Appellant further asserts that the officer detained him longer
than was necessary to issue a citation for speeding because his sole purpose in
stopping appellant was to search for narcotics. 
We review a trial court’s ruling on a motion to suppress for abuse of
discretion, and we review the record of the hearing on the motion in the light most
favorable to the trial court’s ruling. Balentine v. State, 71 S.W.3d 763, 768 (Tex.
Crim. App. 2002). Ruling on a motion to suppress lies within the sound discretion
of the trial court. Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996).
At the hearing on the motion, the trial court is the sole judge of the
credibility of the witnesses and decides the weight to give their testimony. Id.;
Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). We must sustain
the trial court’s ruling if it is reasonably supported by the record and is correct on
any theory of law applicable to the case. Villarreal, 935 S.W.2d at 138; see
Romero, 800 S.W.2d at 543. When, as here, the trial court does not file findings of
fact concerning its ruling on a motion to suppress, we assume that the court made
implicit findings that support its ruling, provided those implied findings are
supported by the record. See Corbin v. State, 85 S.W.3d 272, 276 (Tex. Crim.
App. 2002). 
A violation of a traffic law provides sufficient authority for an officer to stop
a vehicle. McVickers v. State, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993);
Garcia v. State, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992); Dogay v. State, 101
S.W.3d 614, 618 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Furthermore, an
officer may initiate a stop for a traffic violation regardless of the officer’s
subjective intent. Whren v. United States, 517 U.S. 806, 812-13, 116 S. Ct. 1769,
1774 (1996); Garcia v. State, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992). A
peace officer may arrest an offender without a warrant for any offense committed
in the officer’s presence or within his view. See Tex. Code Crim. Proc. Ann. art.
14.01(b) (Vernon 1977). Incident to such a lawful arrest, an officer may conduct a
warrantless search of the person and the passenger compartment of the vehicle. 
New York v. Belton, 453 U.S. 454, 260, 101 S. Ct. 2860, 2894 (1981); State v.
Ballard, 987 S.W.2d 889, 892 (Tex. Crim. App. 1999).
Officer Boling testified that he observed appellant speeding. Based upon
this observation, Officer Boling had probable cause to stop appellant for a traffic
violation. See Tex. Transp. Code Ann. § 545.351 (Vernon 1999) (requiring
driver to control speed of vehicle); Tex. Transp. Code Ann. § 542.301 (Vernon
1999) (providing that violation of provisions of Title 7, Subtitle C of Texas
Transportation Code constitutes offense). Moreover, the record negates appellant’s
contentions and reflects that Officer Boling stopped appellant initially for the
speeding and not because of the radio transmission. 
Appellant also contends that Officer Boling detained appellant beyond the
necessary time to issue him a citation for speeding in order to search appellant for
narcotics. Yet, the record reflects that Officer Boling asked appellant to enter the
police car after appellant could not produce a driver’s license or proof of insurance,
as Officer Boling requested. The Transportation Code makes it an offense for a
person to operate a vehicle without a driver’s license or proof of insurance. See
Tex. Transp. Code Ann. §§ 521.021, 601.051 (Vernon 1999). Unlike speeding,
driving without a license or without proof of insurance are offenses for which one
may be custodially arrested. See Tex. Transp. Code Ann. § 543.004 (Vernon
Supp. 2004-2005); Tex. Code Crim. Proc. Ann. art. 14.06(b) (Vernon 2005). 
Officer Boling was thus entitled to detain appellant beyond the time necessary to
issue a speeding citation. 
Moreover, appellant committed the offense of assault, when he punched
Officer Boling in the face, and the offense of evading detention, when he ran away
after assaulting the officer. See Tex. Pen. Code Ann. §§ 22.01, 38.04 (Vernon
2003). Officer Bolling did not search appellant’s backpack until after lawfully
arresting appellant for the offenses of speeding, failure to provide a driver’s license
and proof of insurance, assault, and evading. We hold that the trial court did not
abuse its discretion by denying appellant’s motion to suppress the evidence seized
from appellant’s backpack after his arrest. 
          We overrule point of error two.
Conclusion
 
We affirm the judgment of the trial court.
 
 
          Elsa Alcala
          Justice
 
Panel consists of Justices Taft, Alcala, and Higley.
 
Do not publish. Tex. R. App. P. 47.2(b)