Opinion issued June 26, 2008












             




In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00130-CR
____________

CECILIA LEIGH EDWARDS, Appellant

V.

THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from County Criminal Court at Law No. 14
Harris County, Texas
Trial Court Cause No. 1398730
 



MEMORANDUM OPINION

          Appellant, Cecilia Leigh Edwards, appeals from a judgment that sentences her
to 180 days in jail probated for one year and a $200 fine for the misdemeanor offense
of driving while intoxicated. See Tex. Penal Code Ann. § 49.04(a) (Vernon 2003). 
After the trial court denied her written motion to suppress evidence, the court
accepted appellant’s plea of guilty pursuant to an agreed plea bargain with the State. 
In three issues concerning the trial court’s ruling on the motion to suppress, appellant
contends that the trial court erred by denying her motion to suppress evidence
because the evidence was seized following an illegal warrantless detention; the
detention of appellant violated the Fourth Amendment of the United States
Constitution; and the detention violated article 38.23 of the Texas Code of Criminal
Procedure.


 The State responds that the trial court properly denied the motion to
suppress because there was no seizure, and alternatively, officers had reasonable
suspicion to detain appellant or were properly conducting their community caretaking
function. We conclude the trial court did not err by denying the motion to suppress
evidence because the initial approach toward appellant was a consensual encounter,
and, assuming that asking her to get out of her car was a detention, the detention was
reasonable under the circumstances. We therefore affirm the judgment.
Background
          In August 2006, Webster Police Officer Quintana, accompanied by his trainee
Officer Sherill, were on patrol in the parking lot of a bar shortly after midnight. They
were patrolling the parking lot in search of people who were publicly intoxicated or
committing other violations of the law. Officer Quintana observed a car strike
another car, nearly striking a couple of people who were nearby. The collision was
caused by appellant driving her car forward into the parked car that was in front of
her, but the collision did not damage the cars. Paul Ward, one of the people almost
hit by the car, said that the collision was caused by appellant looking toward the back
of her car while she was moving forward. Pursuant to departmental policy that
requires an officer to make contact with the driver when the officer personally views
an accident, Officer Quintana approached the driver to see if she was hurt or having
a medical problem, because he was concerned for her welfare.
          Officer Quintana approached the driver, who was identified as appellant. He
asked her if she was okay, and had her exit the car. He said that when he spoke to
appellant he was in the process of conducting a brief investigation as to what
happened. After appellant got out of her car, Officer Quintana observed signs of
intoxication and arrested her for the offense of driving while intoxicated.
          At the hearing on the motion to suppress evidence, after Officer Quintana and
Ward testified for the State, appellant testified as the sole defense witness. Appellant
said that after she collided with the car in front of her, she was inside her car when
she was approached by the officer. According to appellant, the officer came to her
door and asked if she could come out of her car, without having any other
conversation with her. Appellant said that she did not feel she could disregard what
the officer was telling her to do and that she could not have left due to the officer
standing over her window. 
          After the trial court denied the motion to suppress, it issued findings of fact and
conclusions of law. The two pertinent findings are the court’s statements “[t]hat all
witnesses including the Defendant were very credible and believable with respect to
their testimony and what they stated”; and “[t]hat if the Defendant had not exited her
vehicle of her own volition after the accident, the officers would have been justified
in stopping her to at least check the vehicles to make sure that there was no damage
done to either one.”
          Some of the trial court’s findings of fact and conclusions of law concerned the
application of the inevitable discovery rule that the trial court later withdrew when
it determined the rule was inapplicable. In denying the motion to suppress, the trial
court verbally stated that the officer “had reason to issue a ticket for violation of
Section 545.415 of the Texas Transportation Code Subparagraph a.”


 After the trial
court denied the motion to suppress, appellant was sentenced by the court pursuant
to the plea bargain.Motion to Suppress
          Appellant’s three issues challenge one ruling, the trial court’s denial of her
motion to suppress. Appellant contends that she was detained “at the moment she
was directed to exit the vehicle.” Appellant points to her testimony that she was
seated in her car in a parking space when an officer approached her and asked her to
exit the car. Appellant also points to evidence that before she was asked to get out
of the car, she was not asked to roll down her window, nor did the officer engage her
in conversation before she got out of the car. Appellant claims she “was not free to
disregard the officer’s command or free to leave the area.” 
          We conclude that the evidence shows that the initial approach by the officer
was a consensual encounter. We also conclude that, assuming the encounter became
a detention when the officer asked appellant to step out of the car, the detention was
reasonable.
 
A. Standard of Review
          We review a trial court’s ruling on a motion to suppress for abuse of discretion,
and we review the record of the hearing on the motion in the light most favorable to
the trial court’s ruling. Balentine v. State, 71 S.W.3d 763, 768 (Tex. Crim. App.
2002); Rivera v. State, 808 S.W.2d 80, 96 (Tex. Crim. App. 1991); Flores v. State,
177 S.W.3d 8, 13 (Tex. App.—Houston [1st Dist.] 2005, pet. ref’d). Ruling on a
motion to suppress lies within the sound discretion of the trial court. Villarreal v.
State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); Flores, 177 S.W.3d at 13. 
          At the hearing on the motion, the trial court is the sole judge of the credibility
of the witnesses and decides the weight to give their testimony. Villarreal, 935
S.W.2d at 138; Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990);
Flores, 177 S.W.3d at 14. We must sustain the trial court’s ruling if it is reasonably
supported by the record and is correct on any theory of law applicable to the case. 
Villarreal, 935 S.W.2d at 138; Flores, 177 S.W.3d at 14. 
          As here, when the trial court files findings of fact with its ruling on a motion
to suppress, an appellate court does not engage in its own factual review, but
determines only whether the record supports the trial court’s fact findings. Romero,
800 S.W.2d at 543; Flores, 177 S.W.3d at 14. Unless the trial court abused its
discretion by making a finding not supported by the record, we will defer to the trial
court’s fact findings and not disturb the findings on appeal. Cantu v. State, 817
S.W.2d 74, 77 (Tex. Crim. App. 1991); Flores, 177 S.W.3d at 14. On appellate
review, we address only the question of whether the trial court properly applied the
law to the facts. Romero, 800 S.W.2d at 543; Flores, 177 S.W.3d at 14.
B. Police Encounters 
          There are three distinct categories of interactions between police officers and
citizens: encounters, investigative detentions, and arrests. Terry v. Ohio, 392 U.S.
1, 19, 88 S. Ct. 1868, 1879 (1968); State v. Perez, 85 S.W.3d 817, 819 (Tex. Crim.
App. 2002). “Police officers ‘do not violate the Fourth Amendment by merely
approaching an individual on the street or in another public place, by asking him if
he is willing to answer some questions, by putting questions to him if the person is
willing to listen, or by offering in evidence in a criminal prosecution his voluntary
answers to such questions.’” Perez, 85 S.W.3d at 819 (quoting Cornealius v. State,
900 S.W.2d 731, 733 (Tex. Crim. App. 1995)). “‘Nothing in our Constitutions
prevent [sic ] a police officer from . . . knocking politely on any closed door.’” Id.
(quoting Florida v. Bostick, 501 U.S. 429, 4334, 111 S. Ct. 2382, 2386 (1991))
(holding reasonable suspicion not required for police encounters when officer slowed
down his vehicle to get closer look at Perez or when officer knocked on apartment
door where officer followed Perez after Perez ran).
          After the collision in the public parking lot, the record is undisputed that
appellant was approached by the officer while she sat inside her parked car. This
initial approach was a consensual encounter, since appellant was stationary in a
public place when she was initially approached by the officer. See id.
C. Detention
          Having determined the initial approach was a consensual encounter, we must
next determine whether the request by the officer for appellant to step out of her car
escalated the encounter into a detention. 
          An encounter does not escalate to an investigatory detention until the officer
shows authority and the suspect submits to the authority. See Merideth v. State, 603
S.W.2d 872, 873 (Tex. Crim. App. 1980); Ashton v. State, 931 S.W.2d 5, 7 (Tex.
App.—Houston [1st Dist.] 1996, pet. ref’d.) (no investigatory detention when officers
approached Ashton while she was sitting in her car in public place and asked her to
roll down her window).
          A person is not seized until a reasonable person would believe he or she was not
free to leave, and that person has yielded to the officer’s show of authority or been
physically forced to yield. Johnson v. State, 912 S.W.2d 227, 235–36 (Tex. Crim.
App. 1995). A stop is deemed an investigative detention when a police officer detains
a person reasonably suspected of criminal activity to determine his identity or to
momentarily maintain the status quo while seeking additional information. Hoag v.
State, 728 S.W.2d 375, 380 (Tex. Crim. App. 1987). A law enforcement officer need
not have probable cause to detain an individual for investigative purposes. See Hall
v. State, 74 S.W.3d 521, 525 (Tex. App.—Amarillo 2002, no pet.). Rather, the officer
may conduct a temporary lawful detention when he has a reasonable suspicion to
believe a person is violating the law. Ford v. State, 158 S.W.3d 488, 492 (Tex. Crim.
App. 2005). Reasonable suspicion exists if the officer has specific, articulable facts
that, when combined with rational inferences from those facts, would lead him to
reasonably suspect a particular person has engaged or is (or soon will be) engaging in
criminal activity. Garcia v. State, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). The
facts must create some reasonable suspicion that some activity out of the ordinary is
occurring or has occurred, some suggestion to connect the detainee with the unusual
activity, and some indication that the unusual activity is related to crime. Davis v.
State, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997). That said, the acts or
circumstances need not be criminal in themselves to create reasonable suspicion. 
Curtis v. State, 238 S.W.3d 376, 379 (Tex. Crim. App. 2007) (disavowing the “as
consistent with innocent activity as with criminal activity” test); Woods v. State, 956
S.W.2d 33, 38 (Tex. Crim. App. 1997) (same).
          Here, although the trial court found credible appellant’s contention that she did
not feel as though she was free to leave, the trial court determined in its findings of
fact that appellant got out of her car on her “own volition.” Thus, the record supports
the determination that appellant was not detained when she stepped out of her car. 
However, even if appellant was detained when she got out of her car at the request of
the officer, that detention was reasonable. A person commits an offense if the person
drives a vehicle in willful or wanton disregard for the safety of persons or property. 
Tex. Transp. Code Ann. § 545.401(a) (Vernon 1999). Section 545.401 further
provides that it applies to: (1) a private access way or parking area provided for a
client or patron by a business, other than a private residential property or the property
of a garage or parking lot for which a charge is made for the storing or parking of
motor vehicles; and (2) a highway or other public place. Id. § 545.401(c). In addition,
a person commits an offense if he collides with and damages an unattended vehicle
and does not immediately stop and provide the operator or owner of the unattended
vehicle the name and address of the operator and owner of the vehicle that struck the
unattended vehicle. Id. § 550.024. Chapter 550 of the Texas Transportation Code
applies to a private access way or parking area provided for a client or patron by a
business or a highway or other public place. Id. § 550.001. These are traffic offenses
for which the officer had reasonable suspicion to detain appellant because the officer
saw her nearly strike two pedestrians when she collided her car into another car shortly
after midnight in the public parking lot near a bar. See Walter v. State, 28 S.W.3d 538,
542 (Tex. Crim. App. 2000) (officers may stop and detain individual for violation of
traffic law); Garcia v. State, 827 S.W.2d 937, 944 (Tex. Crim. App.1992) (same); see
also Tex. Code Crim. Proc. Ann. art. 14.01(b) (Vernon 2005) (“A peace officer may
arrest an offender without a warrant for any offense committed in his presence or
within his view.”); Tex. Transp. Code Ann. § 543.001 (Vernon 1999) (“Any peace
officer may arrest without warrant a person found committing a violation of this
subtitle.”); Dogay v. State, 101 S.W.3d 614, 618 (Tex. App.—Houston [1st Dist.]
2003, no pet.) (“It is well-settled that a police officer may stop and arrest a driver for
a traffic violation . . . .”).
          The trial court could reasonably conclude that the articulated facts gave rise to
enough suspicion to justify the investigation by the officers. Appellant does not
challenge the trial court’s determination that the arrest was proper after the officer
determined appellant was intoxicated. We hold that the trial court did not abuse its
discretion in denying the motion to suppress. Because all the issues are premised on
the trial court’s determination concerning the detention by the officers, we overrule
the three appellate issues. We need not address the State’s alternative argument that
the officers’ conduct fell within their community caretaking function.

ConclusionWe affirm the judgment of the trial court.
 
 
 
                                                                        Elsa Alcala
                                                             Justice
 
Panel consists of Justices Nuchia, Alcala, and Hanks.
 
Do not publish. Tex. R. App. P. 47.2(b).