Opinion to: SJR TGT SN TJ EVK ERA GCH LCH JB









Opinion Issued June 15,
2006


 

 

 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-05-00542-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



ROCKY LEE RIDDLE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause No. 1005790








 

 



MEMORANDUM OPINION

 

Appellant Rocky Lee Riddle pleaded
not guilty to the felony offense of driving while intoxicated (“DWI”).  After a bench trial, the court found Riddle
guilty and assessed punishment at seven years’ imprisonment.  In Riddle’s sole issue on appeal, he contends
that the evidence is factually insufficient to sustain his conviction.  We affirm.

Facts

In October 2004, Riddle and his
fiancée drove home from his parents’ home.  While entering an intersection, a car running
a red light struck their vehicle.  The
force of the impact, which occurred on the driver’s side of the vehicle, caused
the vehicle, a Suburban, to spin around twice, and ripped all four tires from
the wheels.  The accident totaled both
vehicles.  Riddle bumped his head and
shoulder on the driver’s window and lost his eyeglasses.  Police ticketed the other driver for running
a red light.  

The responding officer, who arrived
about an hour after the accident, suspected Riddle of being intoxicated, so he
called Officer D. Meredith to perform a DWI investigation.  Officer Meredith, who needed seven more DWI
arrests to become certified in administering field sobriety tests, testified
that he rushed to administer the field sobriety tests because his shift was
almost over.  Meredith testified that
Riddle’s breath smelled of alcohol, his speech was pretty slurred, and his eyes
were bloodshot.  Riddle told Meredith he
had consumed two or three beers earlier in the day.  Meredith administered the horizontal gaze
nystagmus (“HGN”) test, in which Riddle exhibited six of six possible clues
indicating loss of normal use of his mental or physical faculties.  Next, Meredith asked Riddle to perform the
walk-and-turn test.  Riddle failed this
test by exhibiting four of the eight possible clues.  During the one-leg-stand test, Riddle dropped
his foot more than three times, so Meredith terminated the exam as failed.  The final field sobriety test was the
Rhomberg test, in which Riddle’s estimation of thirty seconds was within the
acceptable range, but he swayed side to side “pretty abnormal[ly].”  Officer Meredith determined Riddle had lost
the normal use of his mental and physical faculties based on the results of the
field sobriety tests, Riddle’s slurred speech, and bloodshot eyes.  He arrested Riddle for DWI.

While Meredith was conducting the
sobriety tests, he saw Riddle’s father lean against his patrol car.  Meredith and Riddle’s father argued about the
issue, and Meredith admitted that he was loud and lost his temper.  Riddle testified that following the
encounter, Meredith repeatedly shined a flashlight in Riddle’s eyes while he
attempted to complete the field sobriety tests. 
Riddle also testified that the responding officer told Meredith that
Riddle had a criminal history. 

Though Meredith did not remember
Riddle reporting a head injury, he testified that he would have included it in
his report if such an injury was reported. 
Meredith testified that nothing indicated a head injury, and he
attributed Riddle’s loss of normal use of his mental or physical faculties to
alcohol.  He also testified that he did
not know whether an accident and head trauma would affect performance during an
HGN test.  Riddle testified that he asked
the Emergency Medical Technician at the scene to examine him and test his blood,
but that Meredith refused to allow it.  Meredith
testified that, to his knowledge, Riddle did not request a blood test.  

Officer Sander investigated Riddle’s
intoxication at the police station. 
Sander performed a station video on Riddle.  Riddle testified that he refused a Breathalyzer
test at the station because, while he waited to be tested, he heard an officer
say, “I want this one.”  Nearly two hours
after the accident, Riddle again performed the Rhomberg, one-leg stand, and
walk-and-turn tests.  He scored within
the normal range on the Rhomberg test, and exhibited no clues during the
one-leg-stand test.  Riddle exhibited
three to four clues during the walk-and-turn test.  Sander testified that he believed Riddle had
lost the normal use of his mental and physical faculties based on the fact that
Riddle admitted to drinking earlier in the day, was involved in an accident,
and failed the walk-and-turn test, which Sander testified is 83% accurate.  Sander has testified in court hundreds of
times, but he has never testified that either he or any other officer has made
a mistake.

Riddle testified that he had two or
three non-alcoholic beers at his fiancée’s parents’ house in the morning,
before going to his parents’ house that afternoon.  Riddle and his father both testified that
Riddle’s parents do not keep alcohol in their house because they do not want to
tempt Riddle, and that Riddle did not have any alcohol during the five hours he
was there.

Factual Sufficiency

          In his sole issue, Riddle contends
the evidence is factually insufficient to support his conviction because (1)
the accident was not his fault and there was no evidence indicating how he was
driving prior to the accident, (2) Meredith was motivated to arrest Riddle for
DWI because he needed arrests to complete his certification, and argued with
Riddle’s father at the scene, (3) Meredith did not conduct the sobriety tests
properly because he was in a hurry to leave work that night, (4) neither
officer took into account how Riddle’s head injury and trauma suffered during
the accident, or lack of prescription eyeglasses, could have affected his
performance on the sobriety tests, (5) Riddle was not blood tested as he
requested, and (6) Riddle and his father both testified that Riddle had not had
any alcohol for the five hours preceding the accident.

When evaluating factual sufficiency,
we consider all the evidence in a neutral light to determine whether the
fact-finder was rationally justified in finding guilt beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d 477, 484
(Tex. Crim. App. 2004).  Evidence may be
insufficient if, considered by itself, it is too weak to support the verdict,
or if, weighing all the evidence, the contrary evidence is strong enough that
the beyond-a-reasonable-doubt standard could not have been met.  Id. at 484–85.  In conducting such a review, we consider all
of the evidence weighed by the jury, comparing the evidence that tends to prove
the existence of the elemental fact in dispute to the evidence that tends to
disprove it.  Vodochodsky v. State,
158 S.W.3d 502, 510 (Tex. Crim. App. 2005). 
We are authorized to disagree with the fact-finder’s determination even
if probative evidence exists to support the verdict, but we must avoid
substituting our judgment for that of the fact-finder.  Id. 
Unless the available record clearly reveals that a different result is
appropriate, an appellate court conducting a factual sufficiency review must
defer to the fact-finder’s determination concerning what weight to give
conflicting testimony because resolution often turns on evaluation of
credibility and demeanor.  Johnson v.
State, 23 S.W.3d 1, 8 (Tex. Crim. App. 2000).  In conducting such a
review, we consider the most important evidence that the appellant claims
undermines the jury’s verdict.  Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

 A person is guilty of felony DWI if he
operates a motor vehicle in a public place while “not having normal use of
mental or physical faculties by reason of the introduction of alcohol” and has
previously been convicted of at least two prior DWIs.  See Tex.
Pen. Code Ann. §§ 49.01(2)(A), 49.04 (Vernon 2003); id. § 49.09 (Vernon
Supp. 2005).  That Riddle operated a
motor vehicle in a public place is uncontroverted, and Riddle stipulated to having
two prior DWI convictions.  We determine
whether sufficient evidence supports a finding that Riddle had lost the normal
use of his mental or physical faculties due to the introduction of alcohol. 

In Baker v. State, this court held
evidence of intoxication sufficient to support a DWI conviction where the
defendant smelled of alcohol, displayed six out of six clues of intoxication
during the HGN test, failed the walk-and-turn test by exhibiting four out of
eight clues, exhibited three out of four different clues during the one-leg-stand
test, and swayed outside the normal range during the Rhomberg test.  177 S.W.3d 113, 120 (Tex. App.—Houston [1st
Dist.] 2005, no pet.).  Similarly, in Lorenz
v. State, this court found the evidence factually sufficient to support a
DWI conviction where the defendant exhibited bloodshot eyes, slurred speech, and
a strong odor of an alcoholic beverage on his breath; admitted that he had
consumed portions of three alcoholic beverages within an hour and fifteen
minutes; had six clues on the HGN test; put his foot down three times, swayed
three times, and raised his arms for balance twice during the one-leg-stand
test; missed stepping heel-to-toe seven times, raised his arms for balance four
times, could not keep his balance during the
instructions phase and turned in the wrong direction during the walk-and-turn
test; and estimated eighteen seconds for thirty seconds and exhibited a
one-to-two-inch circular sway while he attempted to balance during the Rhomberg
test.  176 S.W.3d 492, 495–96 (Tex.
App.—Houston [1st Dist.] 2004, pet. ref’d). 


Here, the evidence of intoxication is
similar.  Riddle displayed six out of six
possible clues on the HGN test administered to him at the scene, and he failed
the walk-and-turn test by exhibiting four out of eight clues.  During the one-leg-stand test, Riddle dropped
his foot more than three times, which counts as four clues, automatically terminating
the exam as failed.  Riddle’s estimation
of thirty seconds was within the acceptable range, but his sway from side to
side was not normal for a Rhomberg test.  Riddle had bloodshot eyes, smelled of alcohol,
and had slurred speech.  Riddle also told
Officer Meredith at the scene that he had two or three beers earlier in the
day, and later refused a Breathalyzer test. 
Meredith testified that he believed Riddle had lost the normal use of
his mental and physical faculties. 
Additionally, Officer Sander testified that he too formed the opinion
that Riddle had lost the normal use of his mental and physical faculties based
on the fact that Riddle admitted to drinking earlier in the day, was involved
in an accident, and failed the walk-and-turn test.

Riddle contends that hitting his head
on the window during the accident and the traumatic experience of the accident
itself explain his bloodshot eyes and poor performance on the field sobriety
tests.  However, Riddle did not offer any
evidence indicating his injuries could or did cause his bloodshot eyes or
negatively affected his performance on the sobriety tests.  Meredith testified
that if Riddle had told him at the scene that he had a head injury, he would
have noted such in his report, yet his report contained no such notation.  The judge, as fact-finder, was free to
believe the officer’s testimony that Riddle’s behavior and performance on the
sobriety tests resulted from his intoxication and disbelieve Riddle’s
contention that his performance resulted from the trauma of the accident.  See Johnson, 23 S.W.3d at 8; Cain
v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  

The effect of Meredith’s inexperience, hurriedness, incentive
to make an arrest to finish his certification, and argument with Riddle’s
father are issues of credibility within the province of the fact-finder to
resolve.  Meredith testified that he had
completed all of the coursework necessary for his certification, and was
lacking seven field sobriety tests.  Meredith
testified that he did not arrest Riddle because of the altercation he had with
Riddle’s father.  In addition, his
testimony regarding his desire to leave work on time was in response to a
question as to why he did not inspect the damage to the vehicles, but no
witness who testified, including Meredith, indicated that he rushed through the
field sobriety testing.  Furthermore,
Officer Sander also concluded Riddle was intoxicated nearly two hours after the
accident.  The fact-finder is the
exclusive judge of the witnesses’ credibility and the weight to be given their
testimony and could have concluded that Riddle was intoxicated.  Jones v. State, 944 S.W.2d 642, 647–48
(Tex. Crim. App. 1996).  It was for the
trial judge to resolve any inconsistencies in determining if Riddle was
intoxicated.  Baker, 177 S.W.3d at 118. 


Riddle also complains that the State
presented no evidence that he was driving poorly before the accident, but lack
of this evidence does not render a DWI conviction factually insufficient.  Cooper v. State, 961 S.W.2d 229, 232
(Tex. App.—Houston [1st Dist.] 1997, pet. ref’d).  The same can be said about the State’s
failure to rebut Riddle’s claim that his repeated requests for a blood-alcohol
test were denied.

Riddle further contends
the evidence is factually insufficient because he and his father both testified
that he had not had any alcohol for five hours preceding the accident.  However, the trial judge was free to accept
this testimony or to reject it.  See Johnson, 23 S.W.3d at 8; Cain, 958 S.W.2d at 407.  Because this case
is based in the main on whether the police officers or Riddle’s witnesses were
more credible, which testimony was more persuasive, and what weight to give
conflicting versions of vital facts, we should not circumvent the trial judge’s
finding.  See Johnson, 23 S.W.3d at 8; Cain, 958 S.W.2d at 407.  

Conclusion

We hold that the evidence
was factually sufficient to support Riddle’s conviction for DWI and thus affirm
the judgment of the trial court.

 

                                                          Jane
Bland

                                                          Justice

 

Panel consists of Justices Keyes,
Alcala, and Bland.

Do not publish.  Tex.
R. App. P. 47.2(b).