In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00207-CR

                                                ______________________________

 

 

                                ANTONIO DEMOND SCOTT,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                      On Appeal from the 102nd
Judicial District Court

                                                             Bowie County, Texas

                                                        Trial Court
No. 04F574-102

 

                                                     
                                             

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                     MEMORANDUM 
OPINION

 

            Antonio
Demond Scott stands convicted of aggravated robbery[1] and
is currently serving a life sentence. 
After Scott’s motion for DNA testing was denied by the trial court, he
filed a motion for new trial simply asking the court to reconsider its
ruling.  That motion, too, was denied by
the trial court.

            Scott
urges three issues on appeal.

            First,
Scott claims the trial court erred in ruling on the DNA-testing motion in
violation of Article 64.02.  See Tex.
Code Crim. Proc. Ann. art. 64.02 (Vernon Supp. 2009).[2]

            Second,
Scott claims the trial court erred in limiting the purpose for which counsel
was appointed.[3]

            Third,
Scott claims the trial court applied the wrong standard in reviewing the motion
for DNA testing.[4]

            The
error-preservation requirements of Rule 33.1 of the Texas Rules of Appellate
Procedure apply to motions for DNA testing. 
Shannon v. State, 116 S.W.3d
52, 55 (Tex. Crim. App. 2003); Baranowski
v. State, 176 S.W.3d 671, 677 (Tex. App.—Texarkana 2005, pet. ref’d); see Tex.
R. App. P. 33.1.  None of Scott’s complaints on appeal were
presented to the trial court.  In his
motion for new trial, Scott requests merely that the trial court reconsider its
ruling on the merits.  Scott does not
complain in his motion for new trial that the trial court erred in ruling
before the expiration of the sixty-day response period, in appointing counsel
for a limited purpose, or in applying the wrong standard.  None of Scott’s issues on appeal are
preserved for appellate review.  

            We, therefore, affirm the ruling of
the trial court.

 

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

            

Date Submitted:          July 19, 2010

Date Decided:             August 10, 2010

 

Do Not Publish

 

 











[1]The
jury found that Scott was one of three intruders who entered the residence of Randall
Brian, without his consent, in an attempt to steal the seventy-five pounds of
marihuana Brian had stored in his closet. 
Brian testified that three intruders, wearing ski masks, broke down the
door between his carport and his kitchen and immediately began shooting their
firearms at him.  The police determined a
total of five shots were fired by someone other than Brian.  Brian testified he did not give anyone
permission to enter his house and did not know Scott.  Brian returned fire, hitting one intruder.  On direct examination, Brian testified he
fired once and struck one intruder, who yelled and continued firing.  On cross-examination, Brian testified the
person he shot “fell back against my bar” leaving blood and handprints.  Although Scott told the police he had been
shot at a barbeque, Scott testified at trial that he was not one of the
intruders, but was present to make a purchase of marihuana.  The State introduced evidence at trial that
Scott was not excluded as the source of two of the five bloodstains at the
scene of the crime.  DNA analysis was
attempted on three of the five bloodstains submitted to the laboratory, but one
of the three samples tested did not yield a DNA profile.  Scott appealed, and this Court affirmed.  Scott
v. State, No. 06-06-00097-CR, 2007 Tex. App. LEXIS 2688 (Tex. App.––Texarkana
Apr. 6, 2007, pet. ref’d) (mem. op., not designated for publication).

 





[2]Scott
complains that the trial court erred in failing to comply with the mandatory
requirements of Article 64.02.  The issue
is whether Article 64.02 requires a trial court to wait sixty days before
making any ruling on the motion or whether the article merely prohibits
ordering DNA testing before the waiting period expires.  When interpreting a statute, “we seek to
effectuate the ‘collective’ intent or purpose of the legislators who enacted
the legislation.”  Boykin v. State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).  The Legislature’s intent is normally
determined by examining the statute’s plain language under the assumption that
the Legislature said what it meant and, thus, the words are the most certain
guide to the Legislature’s intent.  Id. 
Appellate courts “will not apply the plain language, however, if (1) the
‘application of a statute’s plain language would lead to absurd consequences
that the Legislature could not possibly have intended,’ or (2) the language is
ambiguous.”  State v. Colyandro, 233 S.W.3d 870, 877 (Tex. Crim. App. 2007)
(quoting Boykin, 818 S.W.2d at
785).  

                The
plain language of the statute indicates the response period applies only when a
trial court orders DNA testing.  The use
of the phrase “proceed under Article 64.03” is critical to the issue of whether
the waiting period applies to all motions for DNA testing or to only motions on
which DNA testing is ordered.  Article
64.03 provides the circumstances under which the trial court may order DNA
testing.  Tex. Code Crim. Proc. Ann. art. 64.03 (Vernon Supp. 2009).  There is no reference to a denial of the
motion in Article 64.03.  Thus, the
statute merely prohibits the trial court from taking any action under Article 64.03,
i.e., ordering the DNA evidence to be tested. 
In this case, the trial court did not take any action under Article
64.03.  The trial court denied the
motion, indicating it would not proceed under Article 64.03.  Thus, we conclude the plain language of
Article 64.02(b) does not apply to the denial of a motion for DNA testing.  Even if this issue had been preserved for our
review, the trial court did not err in denying the motion before the expiration
of the sixty-day response period.

 





[3]Scott
complains that the trial court erred in limiting the scope of the appointment
of the Bowie County Public Defender’s Office. 
But Scott was not entitled to appointment of counsel.  Article 64.01(c) requires the appointment of
counsel only when reasonable grounds exist for a motion to be filed.  Tex.
Code Crim. Proc. Ann. art. 64.01(c) (Vernon Supp. 2009); see Gutierrez
v. State, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010).  As originally enacted, the appointment of
counsel for a motion for DNA testing was mandatory if the convicted person
requested counsel and was indigent.  See Winters v. Presiding Judge of the Crim.
Dist. Court Number Three of Tarrant County, 118 S.W.3d 773, 775 (Tex. Crim.
App. 2003) ( orig. proceeding).  Because
the Texas Legislature amended Article 64.01 in 2003 to condition the
appointment of counsel on a finding that reasonable grounds for the motion
existed, the appointment of counsel under Article 64.01(c) is no longer a
ministerial act.  In re Ludwig, 162 S.W.3d 454 (Tex. App.—Waco 2005, orig.
proceeding).

                The
Statute does not specify how a trial court should determine reasonable grounds
exist.  In two unpublished, or
memorandum, opinions, the Austin Court of Appeals has concluded “reasonable
grounds for a testing motion are present when the facts stated in the request
for counsel or otherwise known to the trial court reasonably suggest that a plausible
argument for testing can be made.”  In re Franklin, No. 03-07-00563-CR, 2008
Tex. App. LEXIS 4545 (Tex. App.––Austin June 19, 2008, no pet.) (mem. op., not
designated for publication); see In re
Crayton, No. 03-09-00099-CR, 2009 Tex. App. LEXIS 8319 (Tex. App.––Austin
Oct. 27, 2009, pet. dism’d) (mem. op., not designated for publication).  While memorandum opinions are not binding
precedent, they can be relied on as persuasive authority.  We agree with the holdings of the Austin
Court of Appeals and hold that reasonable grounds for a testing motion are
present when the facts stated in the request for counsel or otherwise known to
the trial court reasonably suggest that a plausible argument for testing can be
made.

                Scott
claimed that DNA testing of the bloodstain from the kitchen counter would be
exculpatory because it would establish Scott did not shoot the victim.  The facts alleged, though, are still
insufficient to establish reasonable grounds. 
The mere presence of an additional perpetrator is not exculpatory
evidence.  See Wilson v. State, 185
S.W.3d 481, 486 (Tex. Crim. App. 2006). 
Even if DNA testing might establish a convicted person was not the
principal actor, there is no right to testing if the convicted person would
still be a party to the offense.  See Torres
v. State, 104 S.W.3d 638, 641 (Tex. App.––Houston [1st Dist.] 2003, pet.
ref’d).

 





[4]Scott
claims the trial court erred in applying the wrong standard in deciding whether
to grant Scott’s motion.  Even when the
trial court specifies the wrong reason for its decision, the appellate court
should sustain the decision if the trial court’s decision is correct on any
theory of law applicable to the case.  Osbourn
v. State, 92 S.W.3d 531, 538 (Tex. Crim. App. 2002); Leonard v. State, 135 S.W.3d 98, 100 (Tex. App.––Texarkana 2004,
pet. ref’d).

                The
State argues Scott failed to show the failure to test the evidence was through
no fault of his own because he failed to request testing of the evidence at
trial.  Before an appellate court can consider
whether a convicted person has established by a preponderance of the evidence
that he or she would not have been convicted if exculpatory results had been
obtained through DNA testing, the court must first consider the threshold issue
of whether the items available for forensic DNA testing would qualify for
testing.  See Routier v. State, 273 S.W.3d 241, 245 (Tex. Crim. App.
2008).  Scott has not argued that DNA
testing was not available at the time of his trial, that DNA testing was
available, but not technologically capable of providing probative results, or
that the technology now available would provide a reasonable likelihood of more
accurate and probative results.  Thus,
Scott was required to demonstrate the evidence “was not previously subjected to
DNA testing . . . through no fault of the convicted person . . . .”  Tex.
Code Crim. Proc. Ann. art. 64.01 (Vernon Supp. 2009).  

                Scott’s
conclusory statement that the evidence had not been tested through no fault of
his own is insufficient.  Insufficient
also is the fact that the evidence was in the possession of the State.  Article 64.01(b)(1)(B) contemplates an
obligation to seek DNA testing under technologies available at the time of
trial.  Routier, 273 S.W.3d at 247. 
In rejecting the fact that the evidence had been in possession of the State
satisfied the absence of fault requirement, the Court stated “we will require
the appellant to make a more particularized showing of the absence of fault
whenever [he or she] invokes Article 64.01(b)(1)(B).”  Id.  A convicted person who claims to have not
been at fault for the failure to previously test evidence must actually
demonstrate such absence of fault.  See id.  Scott’s motion does not explain why the
evidence at issue was not previously tested. 
Nothing in the record indicates Scott attempted to have the evidence
tested at the time of trial.  Scott has
failed to demonstrate a particularized absence of fault.  There was no error in denying Scott’s motion
for forensic DNA testing.